## HYLAND v. YONKERS R. Co.

*(Supreme Court, General Term, Second Department.   May 14, 1888.)*

HORSE AND STREET RAILROADS—LIABILITY FOR NEGLIGENCE—CARELESSNESS OF DRIVER.
    In an action against a street-car company for personal injuries, it appeared that plaintiff, a child two and one-half years old, had crawled on defendant's track in front of a moving car; that the car had no conductor; that the driver permitted the horses to go on while he was making change for a passenger, and did not see plaintiff in time to stop the car before striking her.  *Held*, that the driver was negligent.

Appeal from circuit court, Westchester county; J. O. DYKMAN, Justice.

Action brought by Juliette Hyland, an infant, by James F. Hyland, her guardian *ad litem*, against the Yonkers Railroad Company.   On trial, at close of plaintiff's testimony, the court dismissed the case, and the plaintiff appeals.

*Frank E. Blackwell*, for appellant.   *J. F. Brennan*, for respondent.

BARNARD, P. J.   The case shows that the plaintiff, a child of some two and one-half years of age, went into the public street, with two other children of Mrs. Bowlin, a neighbor.   The plaintiff was put down the front steps to play with the Bowlin children.   The plaintiff got upon the street in front of the defendant's street car, in motion.   The car had no conductor, and the driver tried to make change for a lady who wished to pay her fare.   The horses were permitted to go on.   After the driver had made the change, he again turned his face towards the horses, and then he saw, for the first time, the child, and tried to stop the car, and failed because he had not time, to prevent her being injured.   The car did serious injury to the little girl.   The negligence of the driver is clear.   He should not drive horses along the streets of a city without looking out for persons in the street.   If he fail to look, and an accident happen in consequence, he is chargeable with negligence.   *Murphy* v. *Orr*, 96 N. Y. 15.   The child injured in this case was only a little older than the plaintiff.   In *Barker* v. *Savage*, 45 N. Y. 191, it was held that a driver of a vehicle in the streets of a city is bound to be vigilant to discover any one exposed to danger, and to control his team so as to avoid danger.   In this case it is plain that the jury could find that, had the driver looked, he would have seen the child.   The necessity of making change did not excuse an omission of this duty of watchfulness for persons exposed to injury.   The judgment should be reversed, and a new trial granted; costs to abide event.