ANGELINA ARTUSY ET AL. v. MISSOURI PACIFIC RAILWAY COMPANY.
No. 2710.

1. **Charge.**—A charge not objectionable in law, and which does not assume as facts anything about which there can be controversy in the testimony, can not be a matter of complaint.

2. **Charge.**—See an approved charge upon the duty of a railway company's employes upon a train approaching a person upon the railway track, and upon the duty of such person for his own safety.

3. **Duty of Railway Employes.**—In case of an adult not known or appearing to be wanting in any of his senses, and apparently able to take care of himself, persons in charge of a train may reasonably suppose when he is seen on the track that he will leave it in time to avoid danger.

4. **Same.**—If he does not leave the track, but is injured, then a case arises in which it becomes necessary for the jury to determine whether the injury resulted from the contributory negligence of the person injured or from the failure of the servants of the railway company to exercise due care under the circumstances.

5. **Case Adhered to.**—Railway v. Weiser, 65 Texas, 442, adhered to.

6. **Deafness of Injured Party.**—The fact of his deafness made it the more necessary that the injured party should not place himself in a place of danger, rendered as to him more dangerous from his infirmity.

7. **Practice.**—It is not error to refuse to charge upon an issue which from the testimony could not have been material; e. g., the plaintiff alleged negligence in the making up of the train as affecting the outlook from it; the testimony showed that employes saw the injured party at one hundred yards distance, and on seeing that he would not leave the track efforts were made to stop the train.

APPEAL from Harris. Tried below before Hon. James Masterson. The opinion states the case.

*Brady & Ring,* for appellants.—In operating a railroad train in a city and over a portion of the track constantly used by the public generally as

a footway with the knowledge and without opposition to such use upon the part of the railroad company, it is the duty of those in charge of railroad trains to keep a lookout for people liable to be upon the track at such points, and failure to keep a lookout and failure to see a person upon the track under such circumstances is negligence for which the company is liable when such negligence is the proximate cause of the accident.

That habitual use of track by public even though not on street or at street crossing imposes a duty on employes in charge of the railway train to look out for people on the track. R. R. Co. v. Ormond, 64 Texas, 485; R. R. Co. v. Hewitt, 67 Texas, 474; R. R. Co. v. Boozer, 70 Texas, 531; R. R. Co. v. Donovan, 4 S. Rep., 142; Nuzam v. R. R. Co., 4 S. E. Rep., 243.

Injured person not precluded by his own negligence when accident could have been averted by exercise of proper diligence on the part of defendant's employes. Ry. Co. v. Weisen, 65 Texas, 445; Ry. Co. v. Symkins, 54 Texas, 618; Ry. Co. v. Chapman, 2 S. Rep., 738; Cassida v. Oregon Ry. Co., 13 Pac. Rep., 438; Harryman v. R. R. Co., 12 N. E. Rep., 445; Taylor v. R. R. Co., 8 Atl. Rep., 43; Bergman v. R. R. Co., 1 S. W. Rep., 384.

Assumption of disputed fact by court. R. R. Co. v. Nixon, 52 Texas, 19; R. R. Co. v. Davidson, 61 Texas, 204; Altgelt v. Brister, 57 Texas, 436.

To assume in a charge the existence of a controverted fact is error. The portions of the charge referred to are in the opinion. The court assumed that the employes on the train were in fact keeping a lookout for persons liable to be on the track. Castley v. R. R. Co., 8 S. W. Rep., 114; R. R. Co. v. Watson, 58 Texas, 434; R. R. Co. v. Waller, 56 Texas, 331; Heldt v. Webster, 60 Texas, 207; Williamson v. Davidson, 43 Texas, 2; Beaumont Pasture Co. v. Preston & Smith, 65 Texas, 448; Kimbro v. Hamilton, 28 Texas, 566; Andrews v. Marshall, 26 Texas, 215; Lee v. Wilkins, 1 Posey's U. C., 284; Burchan v. Gann, Id., 333.

*Baker, Botts & Baker*, for appellee.—A failure of duty upon the part of the railroad company or its servants to keep a proper lookout for persons upon its track will not exonerate such persons from the exercise of due care upon their part; and if they fail to exercise such care as a reasonably careful person ought to exercise under the circumstances, and by reason thereof are injured, they can not recover, even though the railway company or its servants were negligent in the first instance. H. & T. C. Ry. Co. v. Smith, 52 Texas, 185; H. & T. C. Ry. Co. v. Richards, 59 Texas, 376; G. H. & S. A. Ry. Co. v. Bracken, 59 Texas, 74; Hughes v. Ry. Co., 67 Texas, 595; Ry. Co. v. Hewitt, 67 Texas, 480; Ry. Co. v. Ryon, 70·

Texas, 58; I. & G. N. R. R. Co. v. Smith, 62 Texas, 252; Cooley on Torts, 660; Ry. Co v. Godfrey, 71 Ill., 500; Ry. Co. v. Collins, 87 Pa. St., 405.

STAYTON, CHIEF JUSTICE.—This action was brought by appellants, the widow and minor children of Charles Artusy, to recover damages for an injury that resulted in his death.  At the time Charles Artusy was injured he was walking on and along the track of the railway, on which he had traveled a half mile or more before he was struck by a moving car. He was an aged man with defective hearing, but this was not known to the persons operating the train so far as the record shows, and there was nothing in his appearance to indicate inability to take care of himself. He was fully aware of the danger of walking on the track, which it seems he had been accustomed to do, and on the day of his injury being advised against such a course by a niece from whose house he was returning to his home when injured, had promised her not to walk on the track.

The place where he was injured was not in a street, but on private property of the railway company, over which, however, it is shown persons on foot frequently passed.  There was nothing to prevent the seeing of approaching trains for a long distance from where he was injured in the direction from which the train came that injured him.

The track on which he had traveled seems to have been in a street until it reached a point a short distance from where he was injured, and at or about the place where that street ended it was traversed by another street known as Nance Street.

It is claimed that the train was negligently made up, in that it consisted of about twenty cars in advance of the locomotive, and that this contributed to the injury.  It is further contended that no signals of the approaching train were given, but as to this the evidence is conflicting. It is further contended that although there was a person on the foremost car as a lookout, he failed to discharge his duty, and could and ought to have seen the deceased in time to have stopped the cars before they reached him.

There is evidence that the lookout did see him long before the train reached him, and supposed when necessary for his safety he would leave the track—fully expected he would do so when he reached Nance Street; saw nothing to induce him to believe that he did not know of the approaching train or would expose himself.

It further appears that the train was moving slowly, and that when the lookout saw that the deceased did not leave the road at Nance Street but continued to approach, the signal to stop the train was given.

At that time deceased was as much as one hundred feet from the train, if the evidence is to be believed, but before the cars could be stopped they came in contact with him.

. It is urged that the court under this state of facts erred in giving the following charges:

"2. That if the proof satisfy you that Artusy, deceased, was walking on defendant's track, and did not use his ears or eyes in such a way as a man of ordinary sense and discretion should have done, and if defendant's servants in charge of the train did not have any reasonable grounds to believe that he would not get off the track in time to avoid being run over, and if such servants used all reasonable skill, care, and effort to stop the train and avoid running against deceased after it became manifest that deceased did not intend to get off the track, then your verdict should (if you so find the facts to be) be for the defendant.

"3. On the other hand, if from the evidence you find that deceased was not negligent in walking on defendant's track or in the manner of his doing so, or if negligent, yet if satisfied that after deceased was discovered on the track defendant's servants in charge of the train negligently failed to use such care, attention, and skill and effort to stop or check up the train and avoid collision with deceased as they reasonably should have done after it reasonably became apparent to them that deceased would not get off the track, and if deceased received injuries resulting in his death through the fault and negligence of such servants as above spoken of, then find for plaintiff and the two minors intervenors and assess their damages. As to all the other intervenors, find for defendant, as their suit was filed too late, if a cause of action ever existed in their favor."

These charges did not assume the existence of any fact about which there could be any controversy, and seem to us to present the law arising upon the facts very fairly.

The cases of Railroad Company v. Hewitt, 67 Texas, 475, and Railway Company v. Boozer, 70 Texas, 531, are cited upon the proposition that a higher degree of care is requisite on the part of a railway company in the management of its trains than is made necessary by the charges to exonerate appellee. The cases referred to were cases in which children were injured while crossing railway tracks, and can have but little application to the case of an adult who deliberately walks along a railway track.

In the one case the fact of infancy gives warning to those in charge of a train of want of capacity and ability of the child to take care of itself, and the law therefore imposes the duty of exercising a degree of care proportioned to the helplessness of the child, who ought not to be presumed to know when to leave a track for its own safety or to be presumed to be able to do so with that facility and promptness that an adult could and may ordinarily be trusted to do when his safety depends on his act.

In case of an adult not known or appearing to be bereft of any of his senses and apparently able to take care of himself, persons in charge of a train may reasonably suppose when he is seen on the track that he will

leave it in time to avoid danger, and if he does not, but is injured, then a case arises in which it becomes necessary for the jury to determine whether the injury resulted from the contributory negligence of the person injured or from the failure of the servants of the company to exercise due care under the circumstances.

In Railroad v. Weisen, 65 Texas, 442, it appeared that the person injured was an old man, who, at a distance of two hundred yards from an approaching train, commenced leaving the track, and had succeeded in nearly clearing it when he was struck by a car step and injured.

He was seen by the engineer at a distance of four hundred yards, but it was supposed that he would leave the track in time to avoid injury; and although the signal of the approaching train was given, its speed was not slackened until it was seen that he would probably not be able to clear the track, when some effort was made to slacken the speed or stop the train.

The court found as a fact that after his peril was known the engineer could have so lessened the speed as to have avoided or lessened his injury; and in disposing of the case it was said: "The court below found as a fact that after the servants of appellant discovered the danger to which appellee's negligence exposed him they negligently failed to use the means in their power to prevent or lessen the injury. The injury would not have happened if the appellee had not been on appellant's track at a time when he ought not to have been there; still, after it was discovered that he could not effect his escape in time to avoid injury, it was the duty of appellant to prevent the result."

This is the law dictated by reason as well as humanity, and is in accordance with other decisions in this State. Railroad v Symkins, 54 Texas, 615.

As the case was presented by the charges the jury doubtless found that the employes of appellant did not fail to use due care to prevent injury to deceased after it became apparent that he would not leave the track. This leaves the case standing on his own negligence, which was evidently such as to defeat a recovery had he survived and the suit been brought by him.

This being so, it defeats a recovery by appellants, who could only recover on facts that would have entitled the deceased to a recovery had he survived.

The law applicable to the case is well settled. Railroad v. Smith, 52 Texas, 185; Railroad v. Richards, 59 Texas, 376; Hughes v. Railroad, 67 Texas, 596; Railway v. Hewitt, 67 Texas, 480; Railroad v. Ryon, 70 Texas, 56.

The servants of appellee had no knowledge that the deceased was a man of defective hearing, and the fact that such was his condition made it the more necessary that he should not place himself in a place of danger,

rendered as to him more dangerous by the fact that he was not in the full possession of that sense.

Appellants asked an instruction under which the jury would have felt authorized to inquire whether the arrangement of the train was not the proximate cause of the injury, and it is urged that it was error to refuse such a charge.

In view of the facts of the case the court did not err in refusing the charge. If there was any matter not submitted by the court below which in the opinion of counsel for appellants ought to have been submitted they should have asked a charge upon that, and having failed to do so can not now complain.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered March 1, 1889.