MARTIN A. ANDERSON, Administrator, *vs.* MINNEAPOLIS STREET RAILWAY COMPANY.

February 10, 1890.

**Street Railway—Driver's Duty to Persons on Track.**—The driver of a street-car should be in a place and in a condition to exercise a reasonable degree of care and vigilance in watching and observing the street ahead of him, so as to prevent collisions, and avoid injury to pedestrians, children as well as adults, who may be upon the public way.

**Same—Excuses for Non-Performance.**—A driver may have been performing his duty to his employer, such as making change for a passenger, at a time when he should have been watchful of the rights and careful of the safety of others; but such fact will not relieve the employer from a charge of negligence, in a case where it appears that, had not the driver's attention been engrossed in the duty imposed by his employer, he could have avoided the accident. The duty which a car company and its employes owe to the public is paramount to that which they owe each other.

Appeal by plaintiff from an order of the district court for Hennepin county, refusing a new trial after a trial before *Hooker*, J., and verdict directed for defendant. The action was to recover $5,000 for the negligent killing of plaintiff's child, three years of age, of whose estate the plaintiff is administrator.

*Pierce, Arctander & Nickell*, for appellant.

*M. B. Koon*, for respondent.

COLLINS, J. This is an action to recover damages for the death of plaintiff's intestate, caused, as alleged, by defendant's negligence. When, upon the trial, all of the testimony had been submitted, the

court directed and the jury returned a verdict for defendant. The appeal is from an order refusing a new trial.

Defendant is a corporation engaged in operating lines of horse-cars in the streets of Minneapolis. The deceased was plaintiff's son, aged about three years at the time of his death. The injuries from which he died were received upon one Sunday afternoon on Cedar avenue, some 180 feet from the plaintiff's dwelling. It does not conclusively appear from the case, nor do we understand the respondent to claim it to so appear, that the parents had failed to exercise due care in regard to the child, or that it was on the avenue through their negligence at the time of the accident. One of defendant's cars, drawn by a pair of mules, was on the avenue, between Franklin avenue and Twenty-Second street, going south. The car was well filled with passengers, the seating capacity being about 30, and some stood upon the rear platform. It was not the custom of defendant to employ conductors upon this line, and there was none upon the car in question. The driver, therefore, had exclusive charge, and, in addition to looking after his team, had to observe his passengers, see that they got on and off, open and shut the door for them, see that each person paid his fare and promptly register the same, to drop the fare as soon as deposited from the upper to the lower compartment of the box, and to made change for the passengers, as occasion required. This was done from a cash-box fastened to the dash of the car, and which, as the driver stood, came a little above his knees. In making change the driver, upon receiving the passenger's money, either from his hand or from the cup in the door,—but always from the rear,—had to examine it, open his cash-box, place the money in its proper place, select an envelope containing the requisite amount, close his box, and deliver the change to the passenger. This must have taken some little time, during which his attention was diverted from the business of driving, and his eyes necessarily taken off from his team, as well as from the street along which he was travelling. It could not have been done in an instant. He had to look to the rear twice, and to carefully observe his cash-box, which was upon the top of a low dash, and but a few inches from his knees. Just prior to the accident under consideration, a passenger had made his way to the

front of the car, and handed a coin to the driver to be changed. The latter turned immediately to his cash-box, and commenced to get the change, the passenger standing in his rear, looking forward along the avenue. The testimony tended to show that at this moment the child was in plain sight, was seen by the passenger, about 30 feet south of the mules, running towards the car track, evidently frightened, and endeavoring to get out of the way of a pair of horses attached to a carriage, which were being driven rapidly along the avenue from the south,—that is, towards the car. As the carriage turned out to pass the car, the boy stood within a few inches of the rail. The mules were trotting slowly, and all of this time, according to the testimony of the passenger before mentioned, the driver was looking into his cash-box, for the purpose of making change. The passenger, excitedly, as he says, endeavored to get out on the driver's platform, but could not. He shouted to the driver about the time the mules were opposite the child. The former looked up, dropped the money back into his box, seized the brake, and attempted to stop, but it was too late. The child was knocked down, and from a wheel of the car received the injuries which caused its death a few days later. The car could be stopped readily by the use of the brake, and was stopped within a very few feet from the point where the brake was first applied.

A case was here made out which should have been submitted to the jury, and the court erred in directing a verdict for the defendant. Unquestionably, so far as the public were concerned, it was the duty of the driver to sit or stand where he could have such control of his team and car as was practicable. He should have been in a place and in a condition to exercise a reasonable degree of care and vigilance in watching and observing the street ahead of him, so as to prevent collisions and avoid injury to persons travelling thereon. The right of defendant to run its cars must be exercised with due regard for the rights of others, and with an appreciation of the knowledge that pedestrians, children as well as adults, may be lawfully upon our public ways. It will be observed from the foregoing statement that the testimony tended to show that, at a time when the driver was engaged in the performance of another duty

than that of managing and controlling his team with due regard to the common enjoyment and common rights of the public in the street,—a duty imposed upon him by the defendant, and which, as the testimony indicates, occupied his attention to the exclusion of all other matters,—the child, apparently confused and trying to escape from approaching danger from another cause, made its appearance in close proximity to and running in the direction of the tracks over which defendant's car would soon pass.   It was for the jury to say, from all of the circumstances, whether or not the driver, had he then been exercising due care and caution, would have seen the child in season to have stopped the car, and to have thus avoided the accident.   The driver may have been performing his duty to defendant, when engrossed in making change for a passenger, at a time when he should have been watchful of the rights and careful for the safety of others, but this fact does not absolve the defendant from the charge of negligence.   The duty which it and its employes owe to the public is paramount to that which one may owe to the other.

In view of a new trial, it may be advisable to refer to one or two of the rulings made by the court of which appellant complains.

1. The trial court did not err in its ruling upon the ordinance which plaintiff offered in evidence.   The ordinance neither directed the defendant to employ conductors on its cars, nor did it prohibit the running of cars without conductors.   Its object and office was to impose certain duties (many of which are required at common law) upon such conductors as defendant might employ.   Its purpose and meaning cannot be extended by implication.

2. The plaintiff was not permitted to show that for some months previous, and at the time of the accident, the cars upon the Cedar Avenue line, especially upon Sunday afternoons, were crowded with passengers both ways; that this crowded condition covered the point where his child was injured; and that all along the line, and particularly at Franklin avenue, many passengers got off and on.   If the cars upon this line were habitually crowded with passengers, the defendant must be chargeable with notice of it, and also with knowledge that the attention of the drivers was thereby frequently distracted

from the path of the car. It should suggest to defendant the necessity of employing conductors to relieve the drivers. The fact that it did not, under circumstances which seemed to require it, might well be considered by a jury in determining the question of defendant's negligence in a case like that at bar. The court erred in rejecting the evidence in question.

We have examined the balance of the alleged errors as to the admission of testimony, and see nothing to criticise in the rulings.

Order reversed.