## INDIANAPOLIS STREET RAILWAY COMPANY *v.* SCHOMBERG.

[No. 20,510.   Filed January 12, 1905.]

1. STREET RAILROADS.—*Children on Street.—Care Required.*—A street railroad company is not an insurer of the safety of a child on or near its tracks, and an instruction that such company "must make sure that the child will be free of the track at the point where it is crossing or approaching such track, before the car reaches it," is erroneous. p. 113.

2. APPEAL AND ERROR.—*Instructions.—Result.*—Where the verdict is clearly right on the evidence, erroneous instructions will not warrant a reversal. p. 114.

3. NEGLIGENCE.—*Contributory.—Infants.*—An infant three years old is *non sui juris*, and as a matter of law can not be guilty of contributory negligence. p. 116.

4. STREET RAILROADS.—*Duty When Child Near Track.*—It is the duty of the motorman of a street car, when he sees a child approaching or on the track, to check his car and avoid any injury. It can not be lawfully presumed that a child will take heed of the usual warnings given. p. 116.

5. STREET RAILROADS.—*Injuries to Child.*—*Contributory Negligence of Parents.*—Where a three-year-old child was killed in front of its home, and it is shown that the father was away from home, and the mother had left such child in company with an older one on the front porch, while she went to the kitchen to look after some work, and was gone about five minutes, contributory negligence on the part of such parents is not shown. p. 117.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by William L. Schomberg against the Indianapolis Street Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under subdivision 2, §1337j Burns 1901, Acts 1901, p. 565, §10, clause 2. *Affirmed.*

*F. Winter, R. M. Miller, H. C. Barnett* and *William H. Latta,* for appellant.

*W. W. Thornton, A. C. Ayres, A. Q. Jones, J. E. Hollett* and *William A. Johnson,* for appellee.

JORDAN, J.—Appellee instituted this action against appellant to recover damages for the negligent killing of his minor child. The child, it appears, was killed at a point on Alabama street, in the city of Indianapolis, by being run over by one of appellant's cars.

The complaint upon which the cause was tried contained five paragraphs. Briefly stated, the first paragraph, after disclosing that appellee was the father of the child, named Allen Schomberg, of the age of three years, among other things, charges, in general terms, negligence on the part of appellant company in running the car in question over the child, thereby killing it. The second paragraph charges negligence against appellant because the motorman in charge of the car failed to look and see the child. The third alleges that the car was old, and that the brake thereof was defective and in such condition that the motorman was unable to stop the car in time to prevent the accident. The fourth alleges that the car was negligently constructed, the life-guard thereof was defective, and by reason thereof the

child, after it was struck by the car, passed over the life-guard and under the car. The fifth alleges that appellant did not comply with the provisions of an ordinance passed by the city of Indianapolis, which required it to use the most improved pattern of cars, and to keep them in good repair, and to provide them with the most improved life-guards, etc.

Appellant's answer to the complaint was the general denial. The case was venued to the Johnson Circuit Court, where a trial by jury upon the issues joined resulted in a verdict in favor of appellee for $1,350. Appellant's motion for a new trial, assigning as reasons, among others, that the court erred in giving and refusing certain instructions, was denied, and judgment was rendered on the verdict. The evidence is in the record by a bill of exceptions. The only questions discussed and relied upon by appellant for a reversal relate to instructions given and refused.

By reason of the conclusion reached we do not deem it necessary to set out the instructions of which appellant complains. We have examined the entire charge of the court, however, and, in the main, at least, it may be said that the jury thereby was fairly advised relative to the law applicable to the case at bar.

1. Some of the instructions criticised by appellant's counsel contain inaccurate expressions of law. Especially is this true of instruction thirty-two, in the use of the term "sure." By this charge the court advised the jury in regard to the general rule controlling the rights of persons in the use of the streets of the city, and as to the duty resting on a street railway company in respect to persons using the streets over which its cars are running. In the closing part of the instruction in question, the court said: "In the case of a young child, the motorman or person controlling the movement of such car must make *sure* that the child will be free of the track at the point where it is crossing or

approaching such track, before the car reaches it." (Our italics.) There is merit in the contention of counsel that appellant could not in this case be held to be an insurer of the safety of the child. Instruction forty-two, and possibly some others criticised by appellant, may be said to be open to its objection that they assume that a certain fact or facts mentioned in the instruction had been established.

2. If we had any reason to believe, from an examination of the record, that the inaccuracies in the instructions in question were influential in bringing about a wrong result, or were probably prejudicial to appellant, we would not hesitate to order a reversal of the judgment. But what may be said to be the uncontradicted evidence in the case clearly establishes that the verdict of the jury is right, and that the merits of the cause have been fairly tried and determined. It has been frequently affirmed by this court that the giving of an inaccurate instruction, which, under the facts in the case, can not be said to have prejudiced the complaining party in his substantial rights, will not justify a reversal of the judgment. Neither will an erroneous instruction warrant a reversal where it appears that the judgment upon the evidence is a correct result. In fact §670 Burns 1901, §658 R. S. 1881, forbids a reversal in cases "where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." The decisions in which this rule is sustained and enforced are numerous, and a reference to all is not necessary. See *Stanley* v. *Dunn* (1896), 143 Ind. 495; *Mode* v. *Beasley* (1896), 143 Ind. 306, 334; *Swaim* v. *Swaim* (1893), 134 Ind. 596; *Badger* v. *Merry* (1894), 139 Ind. 631; Elliott, App. Proc., §§292, 632, 635, 643, and authorities there cited.

What may be said to be the undisputed evidence in the case discloses the following facts: Appellee was the father of the child in question, which, at the time of the fatal accident, was two years and eight months old. Appellee's

family consisted of his wife and two children, and their home was situated on Alabama street, which runs north and south in the city of Indianapolis. The width of the roadway of this street opposite appellee's home is shown to be thirty-six feet. The distance from the north property line of appellee's lot to the corner of Massachusetts avenue is 250 feet. The accident occurred about 11 o'clock a. m. on April 8, 1900. Appellee at that time was absent from home. The child was at home with its mother, who testified that, just before the accident occurred, it, together with its older brother, had gone out on the front porch, which faces Alabama street. She could see the children, where they were playing on the porch, from the sitting-room. She testified that she left the sitting-room and went into her kitchen to look after some work, and was there about five minutes, when she heard a child scream. She ran out onto the street where the car had stopped, and discovered that her child had been run over by the car. From the effects of its injury it died about 3 o'clock on the following morning. The car which struck it belonged to the Central avenue line of appellant's railway, and at the time of the accident was running north.

Aside from the evidence of eyewitnesses who testified in behalf of appellee relative to the accident, which evidence clearly established negligence on the part of the motorman who was operating the car, that introduced in behalf of appellant alone clearly proves the fact that the death of the child was due to the negligence of the motorman.

It appears that the motorman operating the car at the time of the accident had no regular run. He was simply being used as a substitute. It is shown that there is a switch on Massachusetts avenue, by means of which the cars of the Central avenue line of appellant's road are turned onto Alabama street. The testimony of the motorman, together with that of other witnesses, discloses that when the cars turn from the avenue onto Alabama street the view ahead

towards the north is unobstructed. It appears that had the motorman looked ahead of his car as it entered onto Alabama street he could have seen the child in the roadway about ninety feet beyond the car; that at that time the child was between the curb and the tracks of the railway, about fifteen feet from the tracks. It was walking towards the tracks. In fact the motorman testified that there was nothing to prevent him from seeing the child when his car entered from Massachusetts avenue onto Alabama street. He testified that just as the car entered onto Alabama street he saw the child ahead of the car; that it was about half way between the curb and the track, and about fifteen feet from the track towards which it was then going. He stated that it was at that time about seventy-five feet beyond the car. He testified that when he first saw the child going towards the track he rang the gong in order to attract its attention, and after he had entered onto the track, and when the car was within ten feet of it, he reversed the power and tried to stop the car. When he first saw the child, as he stated, the car was running at full speed, but was running slowly at the time when it struck and ran over the child.

3. The child, by reason of its tender age, was, in the eye of the law, *non sui juris,* and was incapable of being guilty of contributary negligence. It would be required to exercise only such care and discretion as could reasonably be expected of a child of its age and intelligence. *Elwood Electric St. R. Co.* v. *Ross* (1901), 26 Ind. App. 258, and cases there cited.

4. The motorman's own testimony establishes that he was guilty of negligence in not stopping his car, as it is shown he could have done, when he first saw the child in the roadway, going toward the tracks. Instead of endeavoring to stop the car, he sounded the gong in order to attract the child's attention; and not until within ten feet of the child—virtually upon it—did he endeavor to stop the car

and thereby prevent the accident. It was clearly his duty at the time he first saw the child approaching, as it was, a place of danger, to have made at least a proper effort to control the car so as to stop it before it reached the child. It is evident that had he done so the car could have been stopped and the fatal accident avoided. Under the circumstances, the motorman had no right to assume that this little boy would exercise the care of older persons, and would not enter onto the tracks as the car was approaching. He ought, under the circumstances, to have acted on the belief or presumption that the child might go onto the track, and should, therefore, have immediately endeavored, by the use of proper means, to control the car. *Indianapolis, etc., R. Co.* v. *Pitzer* (1887), 109 Ind. 179, 58 Am. Rep. 387, and authorities there cited; *Elwood Electric St. R. Co.* v. *Ross, supra; Sample* v. *Consolidated, etc., R. Co.* (1901), 50 W. Va. 472, 40 S. E. 597, 57 L. R. A. 186; *Lake Shore, etc., R. Co.* v. *Miller* (1872), 25 Mich. 274; 2 Thompson, Negligence (2d ed.), §1424.

5. There is no evidence in the case which can be said to impute contributory negligence either to appellee or his wife. *Sample* v. *Consolidated, etc., R. Co., supra,* and cases there cited.

Judgment affirmed.