GEORGE KELLEY v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 4, 1919.

No. 21,130.

**False imprisonment — damages not excessive.**

Verdict for $1,000. A sleeping car porter was arrested in midwinter without warrant at defendant's instance. He was confined for three days in jail and then released. No formal charge of the commission of any crime was ever presented to a court or magistrate. Evidence that the jail was cold, filthy and infested with vermin and that the cold aggravated a disease of his neck. *Held*: It was the province of the jury to award the damages and they were not actuated by passion or prejudice. [Reporter.]

Action in the district court for Ramsey county to recover $15,614 damages for false imprisonment. The answer alleged that the arrest was caused by plaintiff using violent and abusive language upon defendant's train and while in defendant's employment threatening to commit bodily harm upon the per-

[1]Reported in 171 N. W. 276.

son of defendant's employees who had charge of the train. The case was tried before Haupt, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant

*J. I. Levin,* for respondent.

PER CURIAM.

The jury awarded plaintiff damages in the sum of $1,000 for false imprisonment and defendant appeals from an order denying a new trial. That the verdict is excessive is the only ground for a new trial urged in this court.

Plaintiff, a sleeping car porter on one of defendant's trains, was arrested without a warrant and taken from the train at defendant's instance. He was confined in jail for three days and was then released. No formal charge that he had committed a criminal offense was ever presented to any court or magistrate. The arrest was made in midwinter. Plaintiff presented testimony that he was confined in a cold, filthy and vermin-infested jail, and that the cold aggravated a disease of his neck which resulted in an additional loss of time.

It was the province of the jury to assess the damages. They could allow punitive damages. The trial court has sustained their award, and we are unable to say that they exceeded their discretion or were actuated by passion or prejudice.

Order affirmed.