## GARMAN v WM. TAYLOR SON & CO et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10200.   Decided Feb. 10, 1930

Fuerst & Brown for Carman.
Niman & Buss, Cleveland, for Taylor Co, et.

LEVINE, J.

It is claimed that the court erred in the admission of evidence prejudicial to the plaintiff. The testimony objected to was that of Mr. Frank Merrick. He was permitted to testify as to conversation with officers and employees of defendant company and with defendant, Simmons, and as to services rendered by himself in connection with the prosecution of the criminal charge and the preparation therefor. Mr. Merrick was attorney for The Retail Merchants Board and whatever he did, according to his own statement, he did in the line of his duty for said Board of which The Wm. Taylor Son & Co. was a member.

Mr. Merrick was not in the city when the affidavit sworn to by Lillian Simmons was filed, nor during the time when the arrest of the plaintiff took place. He returned to the city about a week later, and in the line of his duty as attorney for the Retail Merchants Board, sought to acquaint himself with what took place.

The theory upon which the trial court admitted the testimony is that the same bears on the question of malice. In the general charge of the court to the jury (see record p. 439) the court referred to the evidence of Frank Merrick and stated that this evidence was received for such light it might throw on the question as to whether or not the defendants were actuated by malice.

It is difficult to conceive how such statement covers the law applicable to the case. It is admitted that the arrest of plaintiff was accomplished long before Mr. Merrick returned to the city and that the same was done without his counsel or advice. It is contended by defendant in error that the evidence of Mr. Merrick covering his investigation of the case upon his return to the city and the advice which he gave, would be competent by way of showing the absence of malice in further proceeding with the prosecution of the case. It is, in our opinion, very doubtful, in view of the fact that the arrest of the plaintiff was already accomplished, and it having become a case prosecuted in the name of the State of Ohio against the plaintiff, whether the advice of the attorney for the Retail Merchants Board, given after an investigation of the case by him, as to the advisability of further proceeding with the case, can be received in evidence for the reason that the same ceased to be a mere difference between private individuals. It is prosecuted under the name and backed by the dignity of the State of Ohio and the defendants lost all control over the case after they set the machinery in motion and thereby accomplished the arrest of plaintiff.

Assuming for the sake of argument that such evidence as was given by Mr. Merrick was competent, by way of showing an absence of malice in further proceeding with the prosecution, yet the charge of the court is general in its terms and permits the jury to consider the same in connection with all the steps which were taken in the case, including the initial steps, namely the swearing to the affidavit and securing the arrest of the plaintiff. Surely no possible justification for these initial steps can be founded upon advice of counsel secured a considerable period after the arrest was accomplished. This, in our opinion, constitutes prejudicial error substantially affecting the rights of plaintiff in error.

It is further claimed that the court erred in refusing to submit written requests to charge before argument, as follows:

"1. I charge you as a matter of law that to warrant a recovery by the plaintiff, it must not only appear by a preponderance of the evidence that the prosecution was without probable cause, but it must also appear by the same degree of proof that it was malicious. In common acceptance, malice means ill will and hatred but in a legal sense the effect of a wrongful act intentionally done and without just cause. Express malice is shown by proof of ill will and hatred. Implied malice may be inferred from the proof of wrongful acts intentionally done without just cause."

"2. The jury is further instructed that if you find by a preponderance of the evidence, that the prosecution was without probable cause and malicious, and that malice as shown by the proof, either express or implied, is also proven by a preponderance of the evidence, then the jury may award exemplary or punitive damages in addition to damages merely compensatory and that if the jury awards exemplary punitive damages it may include a reasonable counsel fee in its estimate of compensatory damages."

Request No. 1, despite some pertinent criticism applied to the language used, substantially stated the law applicable to this case and should have been given to the jury.

As to Request No. 2, which deals with the awarding of punitive damages, it is contended by defendants in error that the court properly refused to give said instruction for the reason that it stated that if the jury found that the prosecution was without probable cause and malicious, and that malice as shown by the proof, either express or implied, is also proven by a preponderance of the evidence, then the jury may award exemplary or punitive damages in addition to damages merely compensatory, etc.

It is urged that only in the event of express malice can punitive damages be awarded and that none can be awarded where there be merely implied malice. It must be borne in mind that malice is a state of mind and as such is incapable of direct proof except such as may be inferred from the circumstances. No photographic impression can be adduced of a state of mind, but the same must of necessity be gathered from all the circumstances presented in the case. The distinction, therefore, sought to be made of an express and implied malice does not seem to us tenable.

The definition of "malice" is given in 16 R. C. L. 29 as follows:

"And malice is not in itself the same thing as want of probable cause. As to what constitutes malice as the sense in which the word is used in actions for malicious prosecution it is not necessary to prove any actual spite, ill will or grudge, for one having no ill will against another may nothwithstanding be guilty of malicious prosecution of him. It may be stated as a general rule that a wrong act, done intentionally without legal justification, constitutes such malice in instituting a civil action as will support an action for malicious prosecution."

In the case of **Nappi et al vs Wilson, 22 Oh Ap 520,** in the opinion of the court we find a clear statement of the law and partly applicable to this case:

"Where A purposely deprived B of his liberty, and had him imprisoned without legal proceedings, and in doing so acted wantonly without probable cause, and in reckless diregard of the rights of B, and B was released because of A's failure to institute legal proceedings, the jury may award exemplary damages in an action for false imprisonment brought by B against A, although A was not actuated by malice, in the sense of ill will or evil design."

"Actual malice in the sense of ill will or evil design, is not the only predicate for the allowance of exemplary damages, where A is purposely depriving B of his liberty and having him imprisoned without legal proceedings, acts wontonly and without probable cause and in reckless disregard of the rights of B, and B is released because of A's failure to institute legal proceedings, the jury may award exemplary damages, although A had no "actual" **malice.** Horan vs Whitney, 20 C. C. (N. S.) 489, 24 C. D. 523; Royal Furniture Co. vs Weist, 23 C. C. (N. S.) 423; 34 C. D. 327; Kelley vs Great Northern Ry. 42 Minn. 492, 171 N. W. 276; Stevens vs O'Neill, 51 App. Div. 364, 64 N. Y. S. 663."

"Malice as Element. As a general rule to warrant the allowance of exemplary damages there must be some evidence of malice, express or implied, or oppression but positive proof of malice or oppression is not required. It is sufficient if from the transaction or the facts shown in connection therewith either of these may be fairly implied. * * *, and generally malice which will authorize a recovery of exemplary damages may be actual or presumed."

Instruction No. 2 was a proper request which in our opinion should have been given to the jury.

Upon the above ground stated, the judgment of the common pleas court is ordered reversed and the cause remanded for a new trial according to law.

Vickery, PJ, and Sullivan, J, concur.