## MONONGAHELA RIVER CONSOLIDATED COAL AND COKE COMPANY *v.* HARDSAW.

[No. 21,051. Filed May 28, 1907. Rehearing denied October 17, 1907.]

1. PLEADING.—*Complaint.—Master and Servant.—Defective Works and Ways.—Knowledge.*—A complaint by a servant alleging that the master ordered him to pass over the gunwale of a barge to do certain work; that "a large sliver had been split from the edges of" such gunwale, but that such sliver was not detached therefrom; that the servant, without any knowledge of such condition, attempted to walk along such gunwale, and by reason of such defect sustained injuries, is sufficient. p. 150.

2. TRIAL.—*Instructions.—Damages.—Limiting Evidence Thereto.*—An instruction, in a personal injury case, that if the jury find for the plaintiff they should "assess his damages at such sum as will reasonably compensate him for the injury that the evidence shows" he has sustained, taking into consideration the injury, if any shown, to his body, whether same is permanent or otherwise, the effect upon his health, the consequent mental anguish, if any, and such damages, if any, as they may believe he will sustain in the future as the effect of injuries received, if any shown, "together with all the facts and circumstances in evidence in the case," is erroneous, since it does not limit the damages to the evidence relevant thereto. p. 150.

3. SAME.—*Instructions.—Erroneous.—Damages.—Failing to Limit Evidence.*—Where the court fails to limit the jury to the evidence

relevant to damages in an action by a servant for personal injuries, such error is presumed to be prejudicial, where evidence was admitted to show that plaintiff was poor and had a wife and two children, and that defendant's foreman had verbally abused him, even though the jury were further instructed that plaintiff's poverty had nothing to do with the case and that they should not find against defendant merely because of the foreman's abuse. p. 151.

4. TRIAL.—*Instructions.*—*Erroneous.*—*Curing.*—An erroneous instruction cannot be cured by giving a contradictory one. p. 153.

5. APPEAL.—*Damages.*—*Weighing Evidence.*—The Supreme Court will not weigh the evidence to determine whether the damages awarded constituted a right result. p. 153.

From Jefferson Circuit Court; *Hiram Francisco,* Judge.

Action by Edward T. Hardsaw against the Monongahela River Consolidated Coal and Coke Company. From a judgment on a verdict for plaintiff for $2,000, defendant appeals. Transferred from Appellate Court under §1337j Burns 1901, subd. 2, Acts 1901, p. 565, §10. *Reversed.*

*Perry E. Bear* and *M. Z. Stannard,* for appellant.

*Evan B. Stotsenburg, John H. Weathers* and *Sulzer & Bear,* for appellee.

JORDAN, J.—Appellee instituted this action under a complaint in two paragraphs to recover for personal injuries on account of the alleged negligence of appellant company. The first paragraph was dismissed during the trial, and the cause was tried upon the second paragraph of the complaint, to which appellee unsuccessfully demurred. Trial by jury and verdict for $2,000. Motions for judgment in favor of appellant on the interrogatories returned by the jury and for a new trial were overruled, and proper exceptions reserved. Judgment on the verdict.

The rulings of the lower court on these latter motions and on the demurrer to the second paragraph of the complaint are assigned as errors in this appeal.

The second paragraph of the complaint may be summarized as follows: Defendant company is a corporation or-

ganized under the laws of New Jersey. At and prior to the time of the accident in question, to wit, April 1, 1903, it was engaged in towing coal and other commodities on the Ohio, Mississippi, Monongahela and Allegheny Rivers, and was the owner of a large number of steam towboats and barges, among the number of which was the steamer "J. B. Williams." Said defendant operated in all the cities along such rivers and employed large numbers of men to conduct and operate said business. Plaintiff was employed by the company as a laborer on the aforesaid steamer. The latter was on its way south with a large tow of coal-barges, and was making up its tow on the Ohio river, opposite the city of New Albany, Floyd county, Indiana. In making up said tow and working upon said barges, which were filled with coal, it was necessary for the employes of the company, including the plaintiff, to walk along and upon the gunwales of said barges, the edges of which formed the walk or passageway for such employes. The defendant had negligently permitted one of such barges to become and be defective and out of repair in this, that a large sliver had been split from the edges of its gunwale, but was not detached therefrom, thereby rendering the same insecure and unsafe to bear the weight of any one stepping thereon. Plaintiff began work for the company on the afternoon of March 30, 1903, and was wholly unacquainted with the defective condition of said barge and had no knowledge thereof, but the same was known to the defendant. On April 1, 1903, plaintiff was ordered to go ashore across the barges comprising said fleet, and, being wholly ignorant of said defective gunwale, and while using due care and caution, he stepped upon such sliver and the same broke under his weight and he fell across the sharp edges of said barge, injuring him, etc., whereby he became sick, sore, disabled and permanently injured, and was confined in the hospital for two months, and suffered, and still suffers, great bodily pain

and mental anguish, to his damage in the sum of $2,000. He was injured without any fault upon his part. Wherefore he prays judgment for $2,000.

The complaint cannot be said to be open to the criticism of appellant, that thereunder appellee is shown to have assumed the risk or danger to which he was exposed.

1. The defective condition of the passageway upon the barge, to which the accident is attributed, is, under the allegations of the pleading, shown to have been due to the negligence of appellant. In case the risk or danger involved in an action against the master by a servant for personal injuries is due to the negligence of the master, and the servant had no knowledge thereof, either actual or constructive, then such risk is not in contemplation of law assumed by the servant. Under the averments of the complaint absence of knowledge on the part of appellee in respect to the defective condition of the barge is shown. The averment that he "was wholly unacquainted with the defective condition of said barge and had no knowledge thereof" is sufficient to negative both actual and constructive knowledge, and fully rebuts appellant's contention that appellee assumed the risk of the defective condition of the barge in controversy. *Evansville, etc., R. Co.* v. *Duel* (1893), 134 Ind. 156; *Peerless Stone Co.* v. *Wray* (1896), 143 Ind. 574; *Baltimore, etc., R. Co.* v. *Roberts* (1903), 161 Ind. 1. As against the objections made, the complaint is sufficient on demurrer.

The interrogatories returned by the jury are not antagonistic to the general verdict, and appellant's motion for judgment thereon in its favor was properly denied.

Several errors predicated upon the overruling of the motion for a new trial are presented by appellant's counsel.

2. Among these is the giving of instruction nine, which is as follows: "The court instructs you that if you find for the plaintiff upon the complaint it will be your duty to assess his damages at such sum as will reasonably

compensate him for the injury that the evidence shows him to have sustained, not exceeding the sum of $2,000, and in estimating such damage it will be proper for you to take into consideration the injury, if any shown, to his body, as to whether same is permanent or otherwise, the effect, if any, the same has had upon his health, the physical pain and mental anguish, if any, that he has suffered as a consequence of such injury, the time he has lost, if any, by reason of such injury, and such damages, if any, as you believe from the evidence he will sustain in the future as the direct effect of the injury he received, if any shown, *together with all the facts and circumstances in evidence in the case,* and assess his damages at such sum as, from the evidence, you may deem proper, not exceeding the amount sued for." (Our italics.) That the portion of the instruction embraced in italics is erroneous is beyond controversy. *City of Delphi* v. *Lowery* (1881), 74 Ind. 520, 39 Am. Rep. 98, and authorities cited; *Broadstreet* v. *Hall* (1904), 32 Ind. App. 122. By the charge in question the court gave the jury complete liberty, in the estimation of damages, to consider all the facts and circumstances in evidence in the case, without any regard to their relevancy to, or bearing upon, the issue of damages. Had the court added the words "relevant thereto," or "which have any bearing thereon," a different question would be presented. *Broadstreet* v. *Hall* (1907), 168 Ind. 192.

The general rule is that where the trial court has erred in charging the jury it must clearly appear from the record on appeal that the error did not prejudice the complaining party. For aught appearing to the contrary in this case, the error in giving this instruction may have resulted prejudicially to appellant. Evidence, it appears, was introduced during the progress of the trial in support of the first paragraph of the amended complaint, which paragraph was subsequently dismissed. Appellee also introduced evidence tending to show that he was poor

and without means; that he had been cursed by Wilford Rader, the mate of appellant's boat; that he was denied a ticket to the hospital by appellant's captain of the boat; that Rader, in giving various orders to appellee, employed rough and profane language. The mate testified that after appellee had left the hospital and commenced this action, in a conversation which he had with him on the boat, he said to appellee: "You have got your nerve. I said 'you get off this boat and stay off, and if you come around here,' I said, 'you will travel and travel quick, too,' and he got off and stayed off." It was also in evidence that appellee had a wife and two children. These facts were all improper to be taken into consideration by the jury in the estimation of damages, although the jury was, under the instruction, given liberty to consider the same.

It is true that the court, in instruction twenty-four, charged the jury as follows: "The wealth or poverty of the parties in this action is not a matter to be considered by you; neither in determining the amount of recovery should you take into consideration the fact, if such be the fact, that defendant is a corporation and the plaintiff is an individual." The court further said, in instruction twenty-seven, that "the defendant cannot be held responsible for plaintiff's injuries because plaintiff was acting under the orders of the mate at the time he was injured, if such be the fact; nor can the defendant be held responsible for such injuries merely because the mate, in giving the orders, if such orders were in fact given, may have cursed plaintiff or may have applied opprobrious epithets to plaintiff. * * * These were acts for which the defendant was not responsible."

The contention of appellee is that all of the evidence in the case which was irrelevant to the question of damages was eliminated by the latter two instructions. This contention, however, is not sustained. There are several items of evidence heretofore referred to which were not mentioned in either of these two instructions, and in no manner with-

drawn, and which, for aught appearing, the jurors, under the authority given by instruction nine, may have concluded they were warranted in taking into consideration in estimating the damages.

The error with which the instruction in question is impressed could have been cured only by the trial court's plainly withdrawing it from the jury's consideration. 4. This was not done. An error in giving an erroneous instruction cannot be cured or corrected by giving one which is contradictory thereto. Elliott, App. Proc., §705; *Roller* v. *Kling* (1898), 150 Ind. 159; *Chicago, etc., R. Co.* v. *Glover* (1900), 154 Ind. 584.

The jury awarded appellee the amount of damages demanded in the complaint. His counsel argue that upon the evidence in the case the damages assessed by the jury 5. are right, and, therefore, the error in giving the instruction in question was harmless. The damages, however, involved in this action are unliquidated, and for us to determine the correctness of the assessment thereof would necessitate an inquiry into the facts, and would virtually be the equivalent of this court's assessing the damages. This we are not authorized to do. There is quite a distinction between this case, as the question is here presented, and one wherein excessive damages are relied upon, under the code, as a ground for a new trial.

The other alleged errors discussed by counsel for appellant possibly may not arise upon another trial, therefore we pass them without consideration.

For the error in giving instruction nine the judgment is reversed, with instructions to the lower court to grant appellant a new trial.