## Mesker v. Leonard.

[No. 7,299. Filed November 17, 1911.]

1. **Pleading.**— *Complaint.*— *Theory.*— *Variance.*— *Appeal.*—Where the first part of the complaint in a case proceeded upon one theory and the latter part upon another, and there was a variance between the pleading and the evidence, a reversal of a judgment for the plaintiff will be ordered on appeal. p. 643.

2. **Trial.**—*Instructions.*—*Damages.*—*Considering All the Evidence.* —*Appeal.*—*Briefs.*—An instruction, in an action for damages, that the jury in estimating the damages "has the right to take into consideration all the facts and circumstances proved by the evidence," constitutes reversible error, where the appellant's brief points out evidence admitted on other points, liable to prejudice the jury when estimating the damages. p. 644.

3. **Master and Servant.**—*Defective Valves.*—*Fall of Hammer.*— *Evidence.*—Where the complaint alleged that the valve designed to hold the air, by the force of which the hammer was held up until released by a lever, was old and allowed the air to escape into the cylinder, which pressure allowed the hammer to fall, to plaintiff's damage, evidence that such hammer would fall by its

own weight upon opening the valve and that it was held in position by compressed air, and that the valve permitted air to leak into the cylinder, does not support the complaint, since the leaking of air into the cylinder would cause the hammer to stay up, rather than cause it to fall. p. 646.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by Erastus Leonard against George L. Mesker. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Elmer E. Stevenson* and *Iglehart, Taylor & Heilman,* for appellant.

ADAMS, J.—This action was brought by appellee against appellant in the Superior Court of Vanderburgh County. After the issues were formed a change of venue was taken to the Gibson Circuit Court, where the cause was tried by a jury, and a verdict returned for appellee. A motion for a new trial was overruled, and judgment was rendered on the verdict for $900.

The errors assigned on appeal are as follows: The Superior Court of Vanderburgh County erred in overruling (1) the motion to make the complaint more specific, and (2) the demurrer to the complaint; and the court erred in overruling appellant's motion for a new trial.

The first error assigned is waived by failure to argue, and the second error calls in question the sufficiency of the complaint to state a cause of action. The complaint is in 1. one paragraph, and is uncertain and indefinite. It starts upon one theory and concludes upon another. It declares that appellee was employed in one line of service, and was injured while acting in obedience to the orders of the appellant in another line of service. There was also, as will hereinafter be seen, a variance between the proof and the averments of the complaint, and certain other errors which require a reversal of the cause. Upon a retrial it will be necessary to amend the complaint, and we do not think any good purpose would be served by passing upon the sufficiency thereof, in its present form.

In support of the third assignment of error, complaint is made of instruction three, given to the jury by the court on its own motion. This instruction is as follows: "If 2. you find for the plaintiff, in assessing the damages the plaintiff is entitled to recover in the case, the jury has the right to take into consideration all the facts and circumstances proved by the evidence, the nature and extent of plaintiff's physical injury, whether or not such injury is permanent, and the fact, if it is a fact, that he has lost the full use of his right hand; his suffering in body, if any, resulting from such injuries, as the jury may believe from the evidence he has sustained by reason of such injuries; the loss of time and ability to work on account of such injuries. The jury has the right also to take into account the decrease of earning power, if any, caused by the injury, and altogether to find for the plaintiff such sum as in the judgment of the jury, under the evidence, will fairly compensate the plaintiff for the injuries he has sustained or will sustain."

It is contended that by the words, "the jury has the right to take into consideration all the facts and circumstances proved by the evidence," the court gave the jury complete liberty, in fixing the damages, to consider all the facts and circumstances in evidence in the case, without regard to their relevancy to, or bearing upon, the issue of damages. Appellant further insists that in almost every case, facts which may be proper for consideration upon some of the controverted questions are not proper upon the question of the measure of damages; that the jury is not to determine the amount of the recovery from all the facts, but only from such facts as form proper elements for consideration in estimating damages. In this contention, we think appellant is clearly right.

This court, in the case of *Broadstreet* v. *Hall* (1904), 32 Ind. App. 122, passed upon an instruction detailing the elements to be considered in determining the amount of damages, concluding with the following words: "And all facts

and circumstances proved in the case.'' The court said: ''It is not the province of the jury to determine the amount of recovery 'from all the facts,' but only from such facts as form proper elements for consideration in computing damages. The reason of this is self evident. If evidence goes to the jury which has no bearing whatever upon the question of damages, and the jury is told that in the determination of that question, it is to consider such evidence, or in the language of the instruction, 'all other evidence and circumstances proved in the case,' it has presented to it an incorrect basis from which to fix the amount of recovery. If there is any evidence which might lead to an incorrect assessment of damages, it is error to instruct the jury that it is its duty to consider 'all the facts' in reaching a conclusion as to the amount of damages.''

In the case of *Monongahela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147, a similar instruction was considered, which concluded with the words, ''together with all the facts and circumstances in evidence in the case, and assess his damages in such sum as, from the evidence, you may deem proper, not exceeding the amount sued for.'' The instruction was held erroneous upon the authority of *City of Delphi* v. *Lowery* (1881), 74 Ind. 520, 39 Am. Rep. 98, and the authorities cited.

In the case of *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428, the court instructed the jury that ''in fixing the amount of damages, you will consider all the circumstances of the case, as shown by the evidence,'' and followed this statement, as in the instruction before us, with a specific enumeration of the elements entering into the question of damages. It was held that this instruction gave the jury ''too wide a scope to draw upon in the assessment of damages, in that it might consider all the circumstances shown by the evidence, and in leaving the assessment to its judgment, not controlled by the proof in the case.''

In the case of *Pittsburgh, etc., R. Co.* v. *Reed* (1909), 44

Ind. App. 635, a similar instruction was given, and the words "all other facts and circumstances" were held to be harmless, for the reason that appellant failed to point out in its brief any fact or circumstance shown by the evidence that might be considered as improperly influencing the jury. It is a general rule of law that where the trial court, in charging the jury, has given an erroneous instruction, it must appear from the record on appeal that the error did not prejudice the complaining party, to prevent a reversal; but the appellant is not relieved from the primary duty of pointing out error.

In this case, appellant in his brief has directed our attention to certain evidence in the record not relevant to the question of damages, which might reasonably have prejudiced the jury against him, and we cannot say that the instruction was harmless.

The sufficiency of the evidence is also questioned under the third assignment of error. It is contended that the evidence not only fails to prove that appellee was injured in the manner set out in his complaint, but shows, without contradiction, that he could not have been so injured. It is charged "that the valve which is designed to hold the air, by the force and pressure of which air the hammer is held and kept from falling, until made to fall by the person operating a lever for that purpose, was old and defective and allowed the air to escape into the cylinder, which pressure allowed the hammer to fall instead of holding it." It appears from all the evidence relating to this matter that the hammer was made to fall by opening the valve, and fell of its own weight, but was raised and held up by compressed air. It necessarily follows that a defective valve which permitted air to leak into the cylinder would hold the hammer up rather than cause it to drop.

Again, the complaint charges that appellee was employed to feed tin and galvanized iron into the hammer. Upon cross-examination appellee testified that he had nothing to

do with feeding tin into the hammer; that was the business of the man who operated the hammer.

Other errors are complained of under the third assignment, but as they may not arise upon a retrial they are not considered in this opinion.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.