## SANITARY CAN COMPANY *v.* McKINNEY.

[No. 7,808.   Filed February 13, 1913.]

1. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Theory.*—Where the complaint, in a servant's action for personal injuries, although alleging in general terms that defendant directed plaintiff to go to work on a certain machine, without giving proper instructions as to the use and operation thereof, averred that the gearing and cogs were not guarded, and that the injury was caused solely by the failure and neglect of defendant to guard same, the failure to guard such gearing and cogs must be deemed to be the theory on which the right to recover is predicated. p. 382.

2. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Sufficiency.—Initial Attack on Appeal.*—A complaint for injuries to an employe, which was sufficient to bar another action for the same injury, was good as against an objection, first made on appeal, that it did not state facts sufficient to constitute a cause of action, although its averments do not clearly show how the machine was constructed or operated, nor the manner in which plaintiff received his injury.   p. 383.

3. APPEAL.—*Review.—Presumptions.—Verdict.—Answers to Interrogatories.*—On appeal all reasonable presumptions are indulged in support of the general verdict and against the answers to interrogatories, and if the general verdict, thus aided, is not in irreconcilable conflict with such answers, it must stand.   p. 383.

4. APPEAL.—*Review.—Verdict.—Answers to Interrogatories.*—The antagonism between the general verdict and the answers to interrogatories must be apparent on the face of the record and beyond the possibility of being removed by any evidence within the issues, before the court is authorized to direct a judgment on such answers.   p. 383.

5. MASTER AND SERVANT.—*Injury to Servant.—Verdict.—Answers to Interrogatories.*—In a servant's action for injuries to his hand by being caught in the unguarded cogs of a machine, a verdict for plaintiff is not overcome by answers to interrogatories showing that such cogs were covered by a box, which plaintiff had removed, that such removal was necessary in doing the work that he was doing at the time of the injury, and that if he had not removed it, he could not have received the injury, since the general verdict amounted to a finding that such box was not a proper guard.   pp. 384, 385.

6. MASTER AND SERVANT.—*Injury to Servant.—Guarding Machinery.—Sufficiency of Guards.—Question for Jury.*—Since §8029

Burns 1908, Acts 1899 p. 231, providing for the guarding of dangerous machinery, does not describe the manner in which dangerous machinery shall be guarded or what shall be deemed a proper guard, the question of whether the statutory requirement has been complied with is, in each case, one of fact to be determined by the jury from the character of the machine and the nature of the peril. p. 385.

7. MASTER AND SERVANT.—*Injury to Servant.—Contributory Negligence.—Verdict.—Conclusiveness.—Motion for Judgment on Answers to Interrogatories.*—Where an employe was injured by his hand being ·caught in the cogs of a machine, the question of whether he was guilty of contributory negligence in attempting to remove certain receptacles while the machine was running, was determined in his favor by the general verdict, and cannot be considered under a motion for judgment on answers to interrogatories which presents the question as to whether such answers, which showed that the cogs were guarded by a box and that the injury could not have happened if plaintiff had not removed the box, were in conflict with the general verdict. p. 385.

8. MASTER AND SERVANT.—*Injury to Servant.—Instructions.—Evidence.—Damages.*—In an action by an employe for personal injuries, where there was evidence that plaintiff was living at home with a widowed mother, who had six children, that plain· tiff began working at the age of fourteen, and that two of his sisters were working in defendant's factory, an instruction that the amount of damages should be determined "from all the facts and circumstances in the case as shown by the evidence," was erroneous, since such evidence was not competent on the question of damages. p. 386.

9. MASTER AND SERVANT.—*Injury to Servant.—Instructions.—Damages.*—Where, in an employe's action for damages, there was evidence that was not competent on the question of the amount of damages, an instruction, that in determining the amount of damages, "every particular and phase of the injury may enter into consideration in estimating such damages," was erroneous. p. 387.

10. INFANTS.—*Personal Injuries.—Recovery by Child.—Damages.*—A minor, having a widowed mother, cannot, in an action against his employer for injuries, recover for loss of time, loss of wages, or decreased earning power during minority, since his wages during such time belong to his mother. p. 388.

From Superior Court of Marion County (79,152); *Clarence E. Weir,* Judge.

Action by Thomas McKinney, by his next friend, Mauda

McKinney, against the Sanitary Can Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellant.

*Vincent G. Clifford* and *Adolph G. Emhardt,* for appellee.

ADAMS, J.—Suit by appellee against appellant for damages on account of personal injuries alleged to have been caused by the negligence of appellant in failing to guard certain cogwheels, and failing properly to instruct appellee as to the use and operation of the machine at which he was put to work.

The averments of the complaint are substantially, that appellee, on August 12, 1908, the date of his injury, was an infant fourteen years of age, without mechanical training, and without experience in the use and operation of machinery; that he was employed by appellant about June 20, 1908, for the purpose of picking up cans, carrying water and watching can chutes; that he performed such duties until about the ——— day of —————, 1908, at which time the foreman, under whose orders he worked, directed and ordered him to operate a machine commonly known as a "lock seamer", without properly instructing him as to the use and operation of said machine; that the machine was operated by power conveyed through a system of shafting and belts; that it consisted of a large, iron frame, in front of which, at the heighth of about four feet from the floor, was a wooden apron or table about eighteen inches wide projecting out in front of said machine, on which the persons operating said machine placed pieces of tin, which were by said machine automatically trimmed, moulded and soldered into bodies of cans; that the tin chips or trimmings from the pieces of tin fed into the machine fell into cans or receptacles underneath the machine, below and beyond the table or apron, which cans or receptacles rested on a framework of the machine about two feet from the floor; that directly

in front of and slightly below the place where the recep-
tacles were located were the gearing and cogwheels by which
the power was transmitted; that these cogwheels were not
guarded, but were carelessly and negligently left uncovered
and exposed by appellant, and were very dangerous to per-
sons operating the machine, as was well known to appellant
for a long time prior to the injury to appellee; that the
same might have been guarded and made safe at a reason-
able cost, so as to protect employes from injury in the opera-
tion of the machine, without impairing its usefulness or
efficiency; that it was a part of the duty of persons oper-
ating said machine to remove and empty the cans or recep-
tacles whenever they became filled; that on August 12, 1908,
while appellee was feeding and operating the machine, the
receptacles became filled and were running over with tin
chips or trimmings, and in order to empty the same it was
necessary for appellee to, and he did, remove an old box
which stood below the table attached to said machine, and
reached underneath the body or frame of the machine, and
while so reaching his clothing was caught in the unguarded
cogwheels, and he was injured in the manner specifically set
out; that the injury suffered by appellee was caused solely
by the failure and neglect of appellant carefully to guard
the gearing and cogs, as required by law.

While it is averred in general terms that appellant di-
rected appellee to go to work on a certain machine, "without
properly instructing him as to the use and operation
1. of said machine," it will be noted from the conclud-
ing averment that the injury was caused solely by
the failure and neglect of appellant carefully to guard the
gearing and cogs. If the failure to guard was the sole
cause of the injury, then such failure must be deemed to
be the theory on which the right to recover is predicated.

Appellant did not file a demurrer to the complaint, but
challenges its sufficiency to state a cause of action by as-
signment of errors in this court. While it does not clearly

appear from the averments of the complaint how the
2. machine was constructed or operated, or the manner
in which appellee was caught in the gearing, the
complaint is sufficient to bar another action for the same
injury. This is the test applied to complaints when questioned for the first time in this court. *Indianapolis Traction, etc., Co.* v. *Miller* (1907), 40 Ind. App. 403, 404, 82
N. E. 113; *Elwood State Bank* v. *Mock* (1907), 40 Ind. App.
685, 686, 82 N. E. 1003.

The jury returned a general verdict for appellee, and
with the general verdict returned answers to numerous interrogatories. Appellant moved the court for judgment on
the answers to interrogatories notwithstanding the general
verdict. The motion was overruled, and this ruling is the
second error assigned and relied on for reversal.

It is well settled that all reasonable presumptions will be
indulged in support of the general verdict and against the
special answers, and if the general verdict thus aided,
3. is not in irreconcilable conflict with the answers, it
must stand. This rule is general, and the reason
therefor is that the jury is required to find on all issuable
facts proved in the case, while the court, in determining the
force of isolated facts disclosed by the answers to interrogatories, cannot know what other facts relating to the same
matters were properly before the jury to warrant its general verdict. *City of South Bend* v. *Turner* (1901), 156
Ind. 418, 423, 60 N. E. 271, 54 L. R. A. 396, 83 Am. St. 200.

The antagonism between the general verdict and the
special answers must be apparent on the face of the record
and beyond the possibility of being removed by any
4. evidence admissible under the issues, before the court
is authorized to direct a judgment in favor of the
party against whom a general verdict has been returned.
*Harmon* v. *Foran* (1911), 48 Ind. App. 262, 266, 94 N. E.
1050, 95 N. E. 597; *Ittenbach* v. *Thomas* (1911), 48 Ind.
App. 420, 427, 434, 96 N. E. 21; *Indianapolis Union R. Co.*

v. *Ott* (1895), 11 Ind. App. 564, 568, 38 N. E. 842, 39 N. E. 529; *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, 663, 64 N. E. 92, and cases cited.

In *McCoy* v. *Kokomo R., etc., Co., supra,* the court said: "In passing upon a motion for judgment notwithstanding the verdict, it should be borne in mind that the verdict necessarily covers the whole issue, and that it solves every material fact against the party against whom it is rendered. To enable the latter successfully to interpose the special findings of the jury upon particular questions of fact, as a reason for judgment in his favor, he must, at least, have special findings that stand in such clear antagonism to the general verdict that the two cannot coexist."

In the case at bar, the jury by its general verdict found that the cogwheels were not guarded; that it was the duty of appellee to empty the receptacles whenever they became filled with tin clippings; that to perform this duty it was necessary for appellee to remove an old box which stood below the table of the machine, and while in the performance of this duty he was injured, on account of the neglect of appellant properly to guard the cogwheels. By its special answers, the jury found that during the time of appellee's employment in operating the machine, the cogs had been covered by a box; that when the box was placed over the cogwheels it completely covered them; that immediately prior to his accident, appellee removed the box, and that he could not have been caught in the cogwheels, as he was, had he not removed the box; that appellee attempted to remove the receptacles while the machine was running, and that the machine was one that could readily be stopped.

It is manifest that the question presented by the motion for judgment turns on whether the general finding that the cogs were not properly guarded is in irreconcilable conflict with the special finding that the same were covered, by a box, and that appellee could not have been caught, as he was, had he not removed the box. The statute §8029

Burns 1908, Acts 1899 p. 231, does not describe the 6. manner in which dangerous machinery shall be guarded or what shall be deemed a proper guard. It follows, therefore, that in every case the question of compliance with the statutory requirement is a question of fact to be determined by the jury from the character of the machine and the nature of the peril. Localized to 5. this case, the jury by its general verdict found that the box was not a proper guard, and this finding is conclusive, unless in irreconcilable conflict with the special verdict. *Green* v. *American Car, etc., Co.* (1904), 163 Ind. 135, 140, 71 N. E. 268.

While the jury by its special answers found that the wooden box covered the cogs, and that appellee would not have been injured had he not removed the box, it was also found by the special answers that it was appellee's duty to empty the receptacles, and that in the discharge of that duty it was necessary to remove the box. There was no finding that a proper guard might not have been installed and maintained that would have rendered appellee's duty in emptying the receptacles wholly free from danger. Whether appellee was guilty of contributory negligence in at-7. tempting to remove the receptacles while the machine was running was a question of fact for the jury, to be determined from all the evidence, and having determined the same by its general verdict in favor of appellee that feature of the case cannot be considered under this motion. We think there was no error in overruling the motion for judgment.

Appellant further assigns as error and relies for reversal on the overruling of its motion for a new trial. Under this specification, many questions are presented, but in view of the conclusion we have reached, it will be necessary to consider only the seventeenth instruction given by the court, which it as follows: "If, under the evidence and under the

instructions of the court, you find that the plaintiff is en-
titled to recover, it will then be your duty to assess the
amount of damages to which, in that case, he will be entitled.
In determining this amount, every particular and phase of
the injury may enter into consideration in estimating such
damages; you may consider whether or not the injury com-
plained of is permanent or temporary only, to what extent,
if any, plaintiff has suffered permanent impairment of his
physical power, by reason of such injuries, his pain and
suffering, both physical and mental, already endured, and
that to be endured as a result of the injuries complained of,
and from all the facts and circumstances in the case, as
shown by the evidence, determine upon such sum as will
fully compensate plaintiff for the injuries received, not,
however, exceeding the amount named in the complaint.''

8. It will be noted that a part of this instruction re-
quires the jury to determine the amount of recovery
''from all the facts and circumstances in the case as
shown by the evidence.'' The giving of such an instruction
has been often condemned, and held to be reversible error.
*City of Delphi* v. *Lowery* (1881), 74 Ind. 520, 527, 39 Am.
Rep. 98; *Monongahela River, etc., Co.* v. *Hardsaw* (1907),
169 Ind. 147, 151, 81 N. E. 492; *Broadstreet* v. *Hall* (1904),
32 Ind. App. 122, 128, 69 N. E. 415; *Knoefel* v. *Atkins*
(1907), 40 Ind. App. 428, 441, 81 N. E. 600; *Mesker* v.
*Leonard* (1911), 48 Ind. App. 642, 644, 96 N. E. 485. In
*Pittsburgh, etc., R. Co.* v. *Reed* (1909), 44 Ind. App. 635,
88 N. E 1080, an instruction similar to the one before us
was given, and the words ''all other facts and circum-
stances'' held to be harmless, for the reason that appellant
failed to point out in its brief any fact or circumstance
shown by the evidence that might be considered as improper-
ly influencing the jury. This case did not change the gen-
eral rule that where an erroneous instruction is given, in
order to prevent a reversal it must appear from the record
on appeal that the error did not prejudice the complaining

party. It simply held that the general rule does not relieve the appellant from the primary duty of pointing out error. *Mesker* v. *Leonard, supra.*

In the case at bar, evidence was offered and received, over the objection of appellant, that appellee was living at home, with a widowed mother, who had six children; that appellee went to work when he was fourteen years of age, and that two of his sisters were working in appellant's factory. Assuming that this evidence was competent for some purpose, such evidence was not competent in determining the amount of appellee's damages. The jury cannot determine the amount of the recovery "from all the facts and circumstances in the case, as shown by the evidence," but only from such facts as form proper elements in fixing the amount of damages.

*Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524, 539, 92 N. E. 49, 94 N. E. 881.

Again, in the same instruction, the court told the jury that in determining the amount of damages, "every particular and phase of the injury may enter into considera-
9. tion in estimating such damages." The court could hardly have used more comprehensive language than "every phase and particular of the injury." By this part of the instruction the jurors were told that they might take into consideration not only every particular of the injury, but might consider the injury in its every aspect. The verdict was for $5,000. The court, over appellant's objection, permitted proof to be made that appellee at the time of his injury was earning $4 per week; that at the time of the trial he was unable to do heavy work, and had, in fact, been compelled to give up a position on account of his injury. The loss of wages and diminished capacity to earn wages would naturally and properly be considered by the jury as phases of the injury. The vice of such an instruction is peculiarly apparent in this case, where it appears that appellee at the time of his injury was a boy of the age of four-

teen years. While there was no demand for special damages on account of loss of time, loss of wages and decreased earning power, in no event could appellee have recovered for loss of wages during minority. His wages during such time belonged to his mother, and she alone had the right to recover for such loss. *Cole* v. *Searfoss* (1912), 49 Ind. App. 334, 97 N. E. 345.

Other questions presented by the record are not considered, as they may not arise again. The judgment is reversed, with instructions to the court below to sustain appellant's motion for a new trial, with leave to appellee to file an amended complaint, if desired.

NOTE.—Reported in 100 N. E. 785. See, also, under (1) 26 Cyc. 1384; (2) 26 Cyc. 1384; 31 Cyc. 82; (3, 4) 38 Cyc. 1927; (5) 26 Cyc. 1513; (6) 26 Cyc. 1463; (8) 13 Cyc. 234; (9) 13 Cyc. 238. As to master's duty to guard or enclose dangerous machinery, see note to *Brazil Block Coal Co.* v. *Gibson* (Ind.), 98 Am. St. 299. As to plaintiff's family ties and obligations as a measure of damage, see 85 Am. St. 835. As to the right of an infant to recover damages for loss of services or diminished earning capacity, during minority, from personal injuries, see 6 L. R. A. (N. S.) 552.