EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY *v.* HOFFMAN.

[No. 9,466. Filed December 20, 1917. Rehearing denied May 5, 1918.]

1. TRIAL.—*Instructions.—Cure of Error.*—In an action for personal injuries, instructions hypothesizing the finding of negligence, proximate cause, and consequent injury and damages were not erroneous for failing to hypothesize plaintiff's freedom from contributory negligence, where such instructions dealt only with the complaint and plaintiff's right to recover on proof of certain averments and by other instructions the court informed the jury that plaintiff could not recover unless he was free from contributory negligence. p. 574.

2. TRIAL.—*Instructions.—Cure of Error.*—Instructions are not erroneous because they do not apply to all the separate issues involved, where such issues were covered by other instructions. p. 575.

3. APPEAL.—*Review.—Harmless Error.—Instructions.*—In an action for personal injuries, error, if any, in instructions because omitting any reference to contributory negligence was harmless, where there was no evidence of such negligence. p. 575.

4. RAILROADS.—*Crossing Accidents.—Trial. — Instructions. — Care Required.*—In an action against a railroad company for personal injuries sustained in a collision between its train and a street car

in which plaintiff was riding, error, if any, in instructing the jury that the street car company owed plaintiff, as a passenger, only ordinary care and diligence in operating its car over the crossing, was harmless, since the railroad company had the right to rely only on the street car company's duty toward it, which was that of using only ordinary care to avoid the collision, and it could not rely on the street car company discharging a higher degree of care toward its passengers. pp. 575, 577.

5. RAILROADS.—*Crossing Accidents.*—*Duty to Street Car Passengers.*—A railroad company owes a street railroad company crossing its tracks the same duty as it owes pedestrians and the drivers of private vehicles, which is ordinary care and diligence not to inflict injury on them in the operation of its engines and cars. p. 576.

6. TRIAL.—*Instructions.*—*Consideration of Evidence.*—An instruction that certain questions of fact must be determined from "all the evidence in the case" was not erroneous because of the use of the words quoted, where, when considered in their relation to the preceding portions of such instruction, it was apparent that the jury could not have understood that they were to consider any evidence, in determining the questions to which the instruction was addressed, except such as properly bore thereon. p. 577.

7. APPEAL.—*Review.*—*Harmless Error.* — *Instructions.* — Error, if any, in an instruction permitting the jury, in determining questions of fact, to consider evidence not bearing thereon was harmless, where appellant failed to point out any evidence which could have improperly influenced the jury in their determination of the questions covered by the instruction. p. 578.

8. RAILROADS.—*Crossing Accidents.*—*Duty to Use Air Brakes.*—*Question for Jury.*—Although there was no statute requiring air-brake equipment and the use thereof, yet, where railroad cars were in fact so equipped, whether it was the railroad company's duty to use the air brakes to avoid a crossing collision with a street car depended on whether such use was reasonably necessary in the discharge of its duty to use ordinary care and diligence, and such question was one of fact for the jury in a street car passenger's action against the railroad for injuries sustained in the collision. p. 578.

9. TRIAL.—*Instructions.*—*Conflict.*—In an action against a railroad company for personal injuries sustained in a collision between its train and a street car in which plaintiff was riding, an instruction that defendant owed no duty to equip its cars with air brakes, and have them connected and in use merely to avoid injury to street cars or other vehicles which might be imperiled at crossings through the negligence of persons in charge of them was ca———

and not in conflict with an instruction that failure of defendant's servants to use air brakes with which the cars were equipped to avoid the collision would be considered on the issue of defendant's negligence. p. 580.

10. APPEAL.—*Review.—Harmless Error.—Instructions.—Conflict.*— Any conflict between a correct instruction and an erroneous one given at appellant's request, which was more favorable to it than the law warrants, is harmless. p. 580.

11. APPEAL.—*Waiver of Error.*—Alleged error is waived by failure to properly·present it on appeal. p. 581.

12. APPEAL.—*Briefs.—Sufficiency.*—Where the only reference made in appellant's propositions or points to alleged error in refusing a requested instruction is, "The court erred in refusing to give instruction No. 9 requested by defendant, and set out ante p. 19," no question is presented for review, since such statement is not a compliance with Rule 22, cl. 5, of the rules of the Appellate Court governing the preparation of briefs. p. 581.

13. APPEAL.—*Briefs.—Sufficiency.*—Failure to comply with Rule 22, cl. 5, of the Appellate Court, requiring under a separate heading of each error relied on separately numbered propositions or points, etc., cannot be cured by a discussion of the alleged error in the argument. p. 581.

14. WITNESSES.—*Impeachment.— Cross-Examination. —* Where, in an action for personal injuries, a witness on cross-examination denied that he had been indicted in another state for violation of liquor laws and the statutes regulating the sale of cigarettes to minors, he could not be impeached by evidence that he had been arraigned on several indictments for such offenses, pleaded guilty and paid his fines, and by introducing certified copies of the court records of that state of such prosecutions, since, while a court may, in its discretion, permit a witness to be interrogated as to specific extraneous offenses and conduct calculated to degrade him, and thus impair his credibility as a witness, the party propounding the interrogatory is bound by the answer the witness gives, and will not be permitted to introduce substantive evidence to contradict it. p. 582.

15. TRIAL.—*Jury Questions.*—Where reasonable minds may differ upon the conclusions and inferences to be drawn from the evidence, the question is one of fact for the court or jury trying the same. p. 583.

From Daviess Circuit Court; *James W. Ogden,* Judge.

Action by George Hoffman against the Evansville

and Terre Haute Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John E. Iglehart, Edwin Taylor, Gardiner, Tharp & Gardiner, Homer T. Dick, Eugene H. Inglehart,* for appellant.

*James M. House, A. J. Padgett, Leroy M. Wade* and *Alvin Padgett,* for appellee,

BATMAN, P. J.—Appellee brought this action in the court below to recover damages for personal injuries, which he alleged he received through the negligence of appellant in the operation of a switch engine and certain empty freight cars on one of its sidetracks in the city of Vincennes, Indiana, thereby causing a collision with a street car in which he was a passenger. Issues were formed, trial had, and judgment rendered for appellee. On appeal the judgment was reversed because of errors in instructions. *Evansville, etc., R. Co.* v. *Hoffman* (1914), 56 Ind. App. 530, 105 N. E. 788. A second trial of the cause was had in which a verdict was returned in favor of appellee, and judgment rendered accordingly. Appellant filed its motion for a new trial, which was overruled, and has assigned such ruling of the court as the error on which it relies for reversal. Among the reasons on which such motion for a new trial is based is the action of the court in giving instructions Nos. 5, 8, 9, 10, 11, and 12 on its own motion, which we will consider in the order named.

Appellant contends that the giving of said instructions Nos. 5 and 8 was error, for the reason that they

1. each hypothesize the finding of negligence, proximate cause, and consequent injury and damages, and thereon direct the jury to return

a verdict for appellee, but fail to hypothesize freedom from contributory negligence on appellee's part. We cannot concur in this contention. The court, by the instructions in question, was dealing alone with the complaint, and the right of appellee to recover on the proof of certain facts alleged therein. By other instructions the court informed the jury that appellee could not recover, unless at the time of the collision and injury he was in the exercise of ordinary care and diligence to avoid injury to himself. The instructions in question cannot be held to be erroneous, because they do not apply to all the separate issues involved in the case, where such issues were covered by other instructions given by the court. *Newcastle Bridge Co.* v. *Doty* (1906), 168 Ind. 259, 79 N. E. 485; *Indiana Union Traction Co.* v. *Keiter* (1910), 175 Ind. 268, 92 N. E. 982; *Harmon* v. *Foran* (1911), 48 Ind. App. 262, 94 N. E. 1050, 95 N. E. 597; *Home Tel. Co.* v. *Weir* (1913), 53 Ind. App. 466, 101 N. E. 1020. Moreover, there was no evidence on the trial of said cause that tended to prove that appellee's negligence contributed to his alleged injuries. Therefore, the omission from such instruction of any reference to such negligence on the part of appellee, if error, was harmless. *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428, 81 N. E. 600; *Neely* v. *Louisville, etc., Traction Co.* (1913), 53 Ind. App. 659, 102 N. E. 455; *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 82 N. E. 1030.

Appellant also contends that the court erred in giving instruction No. 9, the objectionable portion being as follows: "The persons who had control of the street car, which collided with the defendant's car on the crossing, were in duty

bound to exercise ordinary care and diligence in running said street car upon and over said crossing, in such manner as to avoid causing any injury to passengers on said street car." It insists that this statement renders such instruction erroneous, inasmuch as the street car company, whose passenger appellee was at the time of the collision, owed him the highest degree of care, and that it was harmful because the duties owed by the train crew depended somewhat upon the rights and duties of the street car crew, as the former had a right to believe, up to the moment of perceiving the contrary, that the latter would perform its duties, without negligence, and had a right to rely and act on such belief. If it be conceded that such street car company owed appellee a higher degree of care than was stated in such instruction, still it would not follow that its giving was harmful. On the trial of the cause the jury was required to determine whether appellant's train crew was guilty of any negligence in the operation of its said engine and cars which proximately contributed to appellee's alleged injuries. Under the law appellant owed

5. appellee, and the company in whose street car he was a passenger at the time of the alleged collision, the same duty as it owed pedestrians and the drivers of private vehicles, viz., ordinary care and diligence not to inflict injury on them in the operation of its engine and cars. *Vincennes Traction Co.* v. *Curry* (1915), 59 Ind. App. 683, 109 N. E. 62; *New York, etc., R. Co.* v. *New Jersey, etc., R. Co.* (1897), 60 N. J. Law 52, 37 Atl. 627, 38 L. R. A. 516; *Klinger* v. *Union Traction Co.* (1904), 92 App. Div. 100, 87 N. Y. Supp. 864. The street car company owed the

railroad company only ordinary care to avoid
4.   the collision in question, and that is all the
care the railroad company had a right to rely
on in the operation of its engine and cars.   It could
not rely on the street car company discharging a
higher degree of care towards its passengers, and
thus relieve itself from liability to such passengers,
for a failure to exercise ordinary care toward them.
*Dean, Admx.,* v. *Cleveland, etc., R. Co.* (1917), 65 Ind.
App. 225, 115 N. E. 92; *Jacowicz* v. *Delaware, etc., R.
Co.* (1914), 87 N. J. Law 273, 92 Atl. 946, Ann. Cas.
1916B 1222.   It follows that the giving of such in-
struction, if error, was harmless.

Appellant also predicates error on the action of
the court in giving said instruction No. 10 by the
use therein of the following statement: "As
6.   to whether or not the conditions existed as
stated in this instruction, are all questions of
fact which you are to determine under *all the evidence
in the case.*"   The specific objection is directed to the
words italicized by us.   Preceding the use of the sen-
tence quoted, the instruction treats óf the respective
rights of the railroad company and the street car com-
pany with reference to the crossing in question, in-
cluding the duty of those in charge of such street car
to stop the same and permit the cars of appellant to
pass over such crossing under certain conditions.   It
is apparent from the connection in which the words
in question are used that the jury could not have un-
derstood that they were to consider any evidence, in
determining the questions to which such instruction
was addressed, except such as properly bore thereon.
*Pittsburgh, etc., R. Co.* v. *Reed* (1909), 44 Ind. App.
635, 88 N. E. 1080; *Cohen* v. *Reichman* (1913), 55 Ind.

App. 164, 102 N. E. 284. Moreover, appellant has failed to point out any evidence which in our judgment could have improperly influenced the jury in determining the question covered by such instruction, had it been considered. The error, if any, was therefore harmless. Mesker v. Leonard (1911), 48 Ind. App. 642, 96 N. E. 485; Sanitary Can Co. v. McKinney (1912), 52 Ind. App. 379, 100 N. E. 785; Inland Steel Co. v. Gillespie (1913), 181 Ind. 633, 104 N. E. 76.

Appellant claims that said instruction No. 11 invades the province of the jury, and is therefore erroneous. This instruction only purports to advise the jury concerning the duties of the respective companies toward each other, with reference to stopping at the crossing in question, and was correct within the scope it assumed to cover. When read in connection with the preceding instructions bearing on the same subject, we do not believe it is subject to the objection made by appellant.

By said instruction No. 12 the jury was told in substance that, notwithstanding the fact that there was no statute in force in Indiana which required appellant to have its cars equipped with air brakes, and to use the same in stopping its cars when switching the same within the corporate limits of the city of Vincennes, still, if they found from the evidence that at the time of the collision in which appellee received his alleged injuries appellant was so engaged, with an engine and cars so equipped, that it was proper in the practical conduct of such switching to use said air brakes to facilitate the stopping of its cars before they collided with the street car in which appellee was a passenger, but appel-

lant's servants in charge thereof failed to use such air brakes for such purpose, they could consider such failure, in connection with all the other evidence in the case, to determine the fact as to whether or not appellant exercised ordinary care and diligence to avoid the collision of the cars and the injury to appellee.   Appellant contends that there was no law requiring it to equip its cars with air brakes and use the same to facilitate stopping while engaged in a switching operation, and hence the giving of such instruction was error.   It may be conceded that there was no statute requiring appellant to so equip its cars and use the same for such purpose, but it does not follow that it was not appellant's duty to use the air brakes with which it is conceded such cars were equipped.   Whether it was its duty so to do depended on whether such acts were reasonably necessary in the discharge of its duty to exercise ordinary care and diligence to avoid such collision and injury to appellee, and was a question for the determination of the jury.  *Pennsylvania Co.* v. *Hensil* (1880), 70 Ind. 569, 36 Am. Rep. 188; *Evansville, etc., R. Co.* v. *Hoffman, supra; United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 88 N. E. 69; *American Hominy Co.* v. *LaForge* (1915), 184 Ind. 600, 111 N. E. 8.   The relevancy of such instruction becomes manifest when it is noted that the evidence discloses that the switch engine in question, on the occasion of the alleged collision and injury to appellee, was engaged in moving seven large refrigerator cars backward in the night-time for a distance of over a mile on a track, a portion of which ran through a populous portion of a city, and passed over highways and at least one street car line, and that such engine and cars were equipped

with air brakes, ready for use when connected. It is further urged by appellant against said instruction, that it is in hopeless conflict with instructions Nos. 7, 8, and 10 given on its request, and hence confusing to the jury. By instructions Nos. 7 and 10 the jury was informed in substance that appellant owed no duty to equip its cars with air brakes, and have them connected and in use, merely in order to avoid injury to street cars or other vehicles which might be placed in peril at crossings through the negligence of persons in charge of them, or to avoid injury to persons who voluntarily and negligently put themselves in danger at such crossings. This was a correct statement, and not in conflict with said instruction No. 12. The conflict between said instruction and instruction No. 8, given by the court at the request of appellant, grows out of the fact that the latter instruction is erroneous in stating, as a matter of law: ''That it is not negligence for a railroad company to fail to connect, use, and operate air or power brakes on such of its engines or cars, as are being handled in yard service, or by local trains performing switching service.'' Such failure may not have been unlawful, and therefore not negligence *per se*, but it may have been an act of negligence nevertheless, depending on existing conditions, and hence was a question for the jury. However, since said instruction No. 8 was given at the request of appellant, and was more favorable to it than the law warrants, any such conflict was harmless. Appellant also claims that said instruction No. 12 contains the same objectionable feature urged against instruction No. 10 given by the court on its own motion, but what we have said regarding the

alleged error in that instruction applies with equal force here. We therefore conclude that the giving of said instruction No. 12 was not error.

Appellant claims that the court erred in refusing to give instruction No. 9 tendered by it. It has been repeatedly held that a failure to properly present an alleged error on appeal waives the same. *Duffy* v. *England* (1911), 176 Ind. 575, 96 N. E. 704; *Parker* v. *Boyle* (1912), 178 Ind. 560, 99 N. E. 986. A proper presentation of such error required that appellant's brief should ''contain under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with the authorities relied on in support of them,'' as provided by clause 5 of Rule 22 governing the preparation of briefs. The only reference made by appellant in its propositions or points to the error in question is as follows: ''The court erred in refusing to give instruction No. 9 requested by defendant, and set out ante p. 19.'' Such statement is not a compliance with said rule, and presents no question for our consideration. *Wellington* v. *Reynolds* (1911), 177 Ind. 49, 97 N. E. 155; *Wysor Land Co.* v. *Jones* (1899), 24 Ind. App. 451, 56 N. E. 46; *Hart* v. *State* (1913), 181 Ind. 23, 103 N. E. 846; *Inland Steel Co.* v. *Smith* (1906), 168 Ind. 245, 80 N. E. 538; *McMurran* v. *Hannum* (1916), 185 Ind. 326, 113 N. E. 238. An omission to comply with such rule cannot thereafter be cured by a discussion of the alleged error in the argument. Ewbank's Manual (2d ed.) §180a; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 78 N. E. 1033; *Michael* v. *State* (1912), 178 Ind. 676, 99 N. E.

788; *Wolf* v. *Akin* (1913), 55 Ind. App. 589, 104 N. E. 308; *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 116 N. E. 9.

Appellant predicates error on the action of the court in excluding certain evidence offered by it. It appears that one Dr. Lex was called as a witness for appellee, as to the nature and extent of the injuries for which he sought to recover damages, and was asked on cross-examination by appellant if he had not been indicted in Breckenridge county, Kentucky, for violation of the liquor laws of that state, and for violation of the law in selling cigarettes to minors. In his answers to such questions he denied that he had been so indicted. Appellant afterwards sought to impeach such witness by proving by one Claud Mercer that while he was the Commonwealth's attorney for said county he saw the witness Lex arraigned on several indictments or informations, and that he pleaded guilty and paid his fines, and by introducing in evidence certified copies of certain records of the court of said county, having criminal jurisdiction, showing that said witness was prosecuted on indictments and on informations in said county for the violation of the liquor laws, and for selling cigarettes to minors. On appellee's objections the court excluded such evidence, to which rulings appellant excepted. It is apparent from the evidence offered that appellant was seeking to impeach the witness on a collateral matter, involving his prosecution for one or more criminal offenses. As affecting appellant's right so to do, it is well settled in this state that while a court may, in its discretion, permit a witness to be interrogated as to specific extraneous offenses and conduct calculated to degrade him, and

thus impair his credibility as a witness, the party propounding the interrogatory is bound by the answer the witness gives, and will not be permitted to introduce substantive evidence to contradict it. *City of South Bend* v. *Hardy* (1884), 98 Ind. 577, 49 Am. Rep. 792; *Dunn* v. *State* (1903), 162 Ind. 174, 70 N. E. 521; *Rock* v. *State* (1916), 185 Ind. 51, 110 N. E. 212; *Johnson* v. *Samuels* (1916), 186 Ind. 56, 114 N. E. 977. It follows that the court did not err in excluding such evidence.

It is finally urged that the verdict is not sustained by sufficient evidence and is contrary to law, based on the ground that there is no evidence in the record that any negligence of appellant contributed to cause appellee's injury, while the undisputed evidence shows that the negligence of the street car company was the sole proximate cause of such injury. We have carefully examined the evidence in this regard, but fail to find such a state of facts shown thereby as will warrant this court in sustaining appellant's contention, and thereby declaring, as a matter of law, that appellant was not guilty of any act of negligence which proximately contributed to appellee's injury. The rule is well settled that, where reasonable minds may differ upon the conclusions and inferences to be drawn from the evidence, then the question is one of fact for the court or jury trying the cause. Such a case is presented by the evidence here. *Indiana Union Traction Co.* v. *Love* (1913), 180 Ind. 442, 99 N. E. 1005; *Vincennes Traction Co.* v. *Curry, supra.*

We find no available error in the record. Judgment affirmed.

NOTE.—Reported in 118 N. E. 151. See under (4) 33 Cyc 1042; (5) 33 Cyc 977; (9) 33 Cyc 977; (10) 33 Cyc 1110; (16) 40 Cyc 2622; (17) 40 Cyc 2622.