## GUION *v.* TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY.

[No. 11,582. Filed March 13, 1924. Rehearing denied June 25, 1924. Transfer denied February 4, 1925.]

1. NEGLIGENCE.—*Quantum of care required is ordinary care, and in proportion to the danger and the possible consequences.*— In an action for personal injuries charged to have resulted from the negligence of the defendant, an instruction that "ordinary care" is that degree of care which a person of ordinary prudence is, under the particular circumstances, presumed to exercise to avoid injury, and that such care is required to be in proportion to the danger to be avoided and the fatal consequences that may result if such care is not observed, correctly states the rule as to the *quantum* of care to constitute "ordinary care." p. 462.

2. NEGLIGENCE.—*Instruction as to "ordinary care" not erroneous because of having stated that such care must be in proportion to the "fatal" consequences to be apprehended.*—A correct instruction on the *quantum* of care required to constitute "ordinary care" is not rendered erroneous by the use of the statement that such care is required to be in proportion to the

# NOVEMBER TERM, 1924. 459

Guion *v.* Terre Haute, etc., Traction Co.—82 Ind. App. 458.

"fatal consequences" that may result from the neglect to exercise such care, as a person charged with the duty of exercising ordinary care will not have discharged that duty unless he shall have taken into account the fatal, as well as the less serious, consequences that are liable to happen from a known danger and shall have exercised a *quantum* of care proportionate thereto (*Terre Haute, etc., Traction Company*, 191 Ind. 374, distinguished). p. 462.

3. NEGLIGENCE.—*Instruction as to "ordinary care" stating that such care required taking into account "fatal consequences" that may result from lack of care not erroneous.*—An instruction to the effect that "ordinary care" is that degree of care which a person of ordinary prudence, under the particular circumstances, is presumed to exercise to avoid injury and that such care is required to be in proportion to the danger to be avoided "and the fatal consequences that may result from the neglect" thereof, is not-open to the construction that the fatal consequences referred to were the consequences as known after an accident and not such as should be apprehended before. p. 462.

4. APPEAL.—*Error in instruction on contributory negligence held not ground for reversal.*—If an instruction on the subject of contributory negligence, by omitting the element of probable cause, left room for the jury to have returned a verdict for the defendant if it found that the plaintiff had been guilty of remote negligence, which merely helped to produce his injury, without contributing proximately thereto, was not ground for reversal where appellant failed to point out any evidence of remote negligence to which the jury might have applied the instruction and thereby harmed him. p. 463.

5. NEGLIGENCE.—*Instruction as to contributory negligence not erroneous.*—An instruction on the subject of contributory negligence was not erroneous for failing to state that plaintiff's negligence, in order to constitute contributory negligence, must have concurred and co-operated with that of the defendant, where it clearly precluded the idea that such negligence of the plaintiff must have been the sole cause of the injury to the plaintiff, and from other instructions given, the jury must have understood that any contributory negligence of plaintiff must have concurred and co-operated with the negligence of the defendant. p. 463.

6. RAILROADS.—*The track of an electric railroad constitutes a "railroad track."*—An interurban railroad track is a "railroad track" within the rule that a railroad track is a warning of danger to a person about to cross the same, notwithstanding cars are operated thereon by electricity instead of steam. p. 464.

7.  RAILROADS.—*Tracks are warning of danger to persons cross-
ing the same, and the danger must be avoided, if possible, by
the exercise of ordinary care.*—Railroad tracks, regardless of
the power used in operating cars over the same, are warnings
of danger to anyone attempting to cross them, which danger
must be avoided, if possible, by the exercise of ordinary care.
p. 464.

8.  RAILROADS.—*Instruction as to duty to look and listen at cross-
ing of track held not to impose greater duty than ordinary
care.*—An instruction that "it is the duty of a person about
to cross railroad tracks to use his eyes and ears * * * in
such manner that he can, if possible, in the exercise of ordi-
nary care, see and hear" does not impose a higher duty than
the law requires, in view of the phrase "in the exercise of
ordinary care," followed the words "if possible."   p. 464.

9.  RAILROADS.—*Instruction as to the presumption of law as to
what was seen and heard by a person about to cross a railroad
track.*—An instruction that a person about to cross a rail-
road track is presumed, in law, to have seen what he could
have seen by looking, in the exercise of ordinary care, and to
have heard what he could have heard, in the exercise of ordi-
nary care, was not objectionable in view of the use of the
phrase "in the exercise of ordinary care," which served as a
limitation on the presumption stated.   p. 464.

10.  RAILROADS.—*Ordinarily, train or car not required to stop
or slacken speed at highway crossings.*—Where a railroad train
or car and a traveler on a highway approach a crossing at
the same time, it is not the duty of those in charge of the
train or car to stop the same or even to slacken speed, but
it is the duty of the traveler, in obedience to known custom
of the country, to stop and not attempt to pass in front of
the advancing train or car; the engineer or motorman may
rely on the presumption that the traveler will stop at a place
of safety.   p. 466.

11.  RAILROADS.—*Instruction as to speed of car at highway cross-
ing held not erroneous.*—In an action for personal injuries
received in a collision at an interurban crossing, an instruction
that if the jury found that the obstructions of the view in ap-
proaching the crossing were not of such a character as to have
prevented the plaintiff, had he exercised ordinary care in look-
ing, from seeing the car in time to have stopped and avoided
the danger, it would be justified in finding that the railroad
company was not guilty of operating the car at an excessive
rate of speed, was not erroneous.   p. 466.

12.  RAILROADS.—*Duty of traveler on highway approaching a
railroad crossing.*—While a party injured at a highway cross-
ing of an interurban railroad by coming into collision with a

car operated thereon was not required to look for an approaching car when it was 1,000 feet from the crossing, or when it was any certain distance therefrom, it was his duty to look for it while it was at such distance that he could have avoided colliding with the same, in the exercise of ordinary care, and his failure to see said car, or, seeing it, give heed to its approach, or giving heed, but not in time to avoid the collision, was negligence precluding his recovery.  p. 468.

From Hendricks Circuit Court; *Zimri E. Dougan,* Judge.

Action by Ray Guion against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Beckett & Beckett, Thad S. Adams* and *Emsley Johnson,* for appellant.

*D. E. Watson, M. E. Foley, George W. Brill* and *O. E. Gulley,* for appellee.

BATMAN, J.—Appellant seeks to recover damages for personal injuries, sustained in a collision between an automobile driven by him and one of appellee's cars, at a crossing of a public highway by the latter's track. The amended complaint is in a single paragraph, and is based on alleged negligence of appellee in the operation of said car, as it approached and passed over said crossing. The complaint was answered by a general denial, after which the cause was submitted to a jury for trial, resulting in a verdict and judgment for appellee. Appellant filed a motion for a new trial, which was overruled, and this appeal followed, based on the action of the court in so ruling.

The only reasons upon which appellant relies in support of his contention that the court erred in overruling his motion for a new trial relate to the action of the court in giving certain instructions. Instruction No. 3, given by the court on its own motion, reads as follows:

"The law interprets ordinary care to be that degree of care which a person of ordinary prudence under the particular circumstances is presumed to exercise to avoid injury. Such care is required to be in proportion to the danger to be avoided and the fatal consequences that may result from the neglect."

Appellant contends that this instruction contains an erroneous definition of ordinary care, because of the presence of the last sentence therein. We do 1-3. not so view it. If ordinary care is such as the first sentence in the instruction states, which appellant does not challenge, we may add, as a matter of common knowledge, that the *quantum* of care used by persons of ordinary prudence, when acting as such, is in proportion to the dangers to be avoided and the injuries that may result if such care is not observed. *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514. It follows, therefore, that where such a *quantum* of care is not shown, it cannot be said that ordinary care was exercised. If, however, the care used is of the *quantum* stated, the party upon whom its exercise devolves has discharged his full duty in that regard, although an injury may have been sustained which might have been avoided by the exercise of a higher degree, or a greater *quantum* of care. Appellant complains of the use of the phrase "fatal consequences" as used in said last sentence, and contends that its use therein renders the instruction erroneous, citing the recent case of *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374. The instruction involved in that case is distinguishable from the instruction in the instant case in this, that the phrase in question in the case cited was used in connection with a statement as to the *degree* of care required of one of the parties, which was open to a construction that ordinary care might not suffice, while in the instant case, the phrase

is used in an instruction which is one of a series in which the degree of care was properly defined as "ordinary care," and follows a sentence which gives a standard by which such care is to be measured, and, therefore, clearly relates to the *quantum* rather than the degree of care. Appellant contends that the effect of the case cited is to eliminate the use of such phrase in proper instructions involving the question of due care in actions of this kind, notwithstanding the repeated approval of instructions containing the same. We cannot agree that the case cited has such an effect, as there is nothing inherently objectionable in the phrase, but only in its improper use, as we have indicated. Certainly a person charged with the duty of exercising ordinary care for his own safety or the safety of another will not have discharged that duty unless he shall have taken into account the fatal, as well as the less serious, consequences that are liable to happen from a known danger, and shall have exercised a *quantum* of care proportionate thereto. It is finally contended that said last sentence informed the jury that appellant's care must be measured by the fatal consequences, after they were known to have occurred, and not by those he should have apprehended prior to the collision. The concluding portion of said sentence discloses that the jury was not so informed thereby. We conclude that the giving of said instruction, although not as well phrased as it might have been, was not reversible error.

It is contended that the court erred in giving instruction No. 1, requested by appellee, for the following reasons: (1) It omits the element of proximate cause in defining contributory negligence. (2) It fails to state that appellant's negligence, in order to be such, must have concurred and co-operated with that of appellee. In support of the first reason it

is urged that said instruction may have led the jury to return a verdict against appellant if it found that he had been guilty of any negligence, however remote, which merely helped to produce his injury, without contributing proximately thereto.    It suffices to say, in answer to this, that if said instruction is erroneous in the particular first stated, appellant has failed to point out any evidence of remote negligence to which the jury may have applied the instruction, and thereby harmed appellant, as was his duty to do, if he seeks a reversal because the instruction would have permitted such an application.    *Pittsburgh, etc., R. Co.* v. *Reed* (1909), 44 Ind. 635; *Sanitary Can Co.* v. *McKinney* (1913), 52 Ind. App. 379; *Inland Steel Co.* v. *Gillespie* (1914), 181 Ind. 633; *Evansville, etc., R. Co.* v. *Hoffman* (1917), 67 Ind. App. 571.    The instruction clearly precludes the idea that negligence on the part of appellant, in order to be contributory, must have been the sole cause of the injury, and, when considered in connection with other instructions given, it is apparent that the jury must have understood that appellant's negligence, in order to be contributory, must have concurred and cooperated with the only other negligence involved, viz., that of appellee.    The second reason stated is, therefore, unavailing.    We conclude that appellant has failed to show reversible error in giving said instruction.

Instruction No. 2, given by the court on request of appellee, is challenged on the following grounds:    (1) It calls the jury's attention to the fact that the presence of a railroad crossing is a warning of danger when such a crossing is not involved in this action.    (2) It places imperative duties upon a person about to cross a railroad track, which he is required to perform, although ordinary care might not so require.    (3) It places a higher duty on appellant than the law requires, by the use of the italicized words in

NOVEMBER TERM, 1924.     465

Guion *v.* Terre Haute, etc., Traction Co.—82 Ind. App. 458.

the following statement therein: "It is the duty of a person about to cross railroad tracks to use his eyes and ears * * * in such manner as that a person can, *if possible* in the exercise of ordinary care, see and hear." (Our italics.) (4) It erroneously states the following as a presumption of law, referring to a person about to cross a railroad track: "I instruct you that such person is presumed, in law, to have seen that which he could have seen by looking, in the exercise of ordinary care, and to hear that which he could hear, in the exercise of ordinary care." The instruction should not be held erroneous on the first ground stated, for the following reasons: Appellee's track was, in fact, a railroad track, notwithstanding cars were operated thereon by electricity instead of steam. *Snow* v. *Indianapolis, etc., R. Co.* (1911), 47 Ind. App. 189; *Brooks* v. *Muncie, etc., Traction Co.* (1911), 176 Ind. 298. It is obvious that all railroad tracks, regardless of the power used in operating cars over the same, are warnings of danger to anyone attempting to cross the same, although such danger may be reduced by the observance of precautions on the part of those operating such railroads. The observance of such precautions, however, does not change the fact that the presence of the tracks constitutes a warning of danger, which the person attempting to cross the same must endeavor to avoid by the use of ordinary care. *Waking* v. *Cincinnati, etc., R. Co.* (1920), 72 Ind. App. 401. The second ground on which appellant relies is not present in the instruction when it is considered as a whole. The third ground is rendered unavailing by the presence of the following phrase "in the exercise of ordinary care," which is used in connection with the words "if possible," of which complaint is made. The fourth ground is likewise unavailing, as the phrase "in the exercise of

ordinary care," used twice in that part of the instruction quoted therein, serves as a limitation on the presumption stated. We conclude that the court did not err in giving said instruction.

Complaint is made of the action of the court in giving instruction No. 3, requested by appellee. This instruction is not mandatory, and when read in connection with instruction No. 1, given on request of appellant, the objections made thereto, if valid when considered alone, are so far neutralized as to render its giving harmless. We say this, in view of the fact that said instruction No. 1 correctly defines the care to be used in operating cars over an interurban track at a highway crossing, and also states the conditions under which the speed of the car in question would be an element in determining appellee's liability. It is, therefore, only remotely probable, that the jury could have been misled by the use of the words "due regard" in the connection in which it is found in the instruction under consideration, or that the speed of the car might not be so great as to constitute negligence, under certain conditions. We conclude there was no error in giving said instruction.

Appellant also complains of the action of the court in giving instruction No. 4, requested by appellee. This instruction is not as well stated as it should have been, but its effect was to inform the jury that if it found that appellee was not guilty of the negligence charged with reference to the headlight and crossing signal, that it would be justified in finding that it was not guilty of operating the car at an excessive rate of speed, if it found that the obstructions of the view in approaching the crossing were not of such a character as to have prevented appellant, had he exercised ordinary care in looking, from seeing the car in time to have stopped and avoided the danger. The

general rule in this regard, as stated in a recent decision of this court, applicable to both steam and electric railroads, in rural districts, is as follows: "Where a train and a traveler on the highway approach a crossing at the same time, it is not the duty of the railway company to stop its train; but it is the duty of the traveler, in obedience to the known custom of the country, to stop and not attempt to pass in front of the advancing train. The engineer may rely on the presumption that the traveler will stop at a place of safety; and therefore the law imposes no duty on him to slacken the speed of his train." *Pittsburgh, etc., R. Co.* v. *Nichols, Admr.* (1921), 78 Ind. App. 361, 130 N. E. 546. While crossings which are peculiarly hazardous by reason of an obstructed view may create a condition falling within the exceptions to such rule, such a condition cannot be said to exist if, notwithstanding such obstructed view, the traveler, in the exercise of ordinary care in looking, could have seen the approach of a car in time to stop and avoid a collision therewith. To hold that the operator of a railroad train or car may not assume, in the absence of some special circumstance, that a traveler on the highway will exercise ordinary care for his own safety, and proceed without slacking the speed of his car, would run counter to the well-established rule to the contrary. *Cleveland, etc., R. Co.* v. *Miller, Admr.* (1898), 149 Ind. 490; *Snow* v. *Indianapolis, etc., R. Co., supra.* If the operator of such a train or car may not rely upon such a presumption, then he must slacken his speed at every crossing, in anticipation of the negligence of some traveler, in order to avoid a charge of negligence on his part—something that is clearly not required of him. We find no error in giving said instruction.

Instruction No. 14 given on request of appellee is also challenged. To sustain appellant's contention with

respect to this instruction, we would be compelled to hold that the court may not say that a traveler approaching a railroad crossing in the nighttime, over which an interurban car was being operated, equipped with a lighted headlight, which could have been seen continuously by such traveler, in the exercise of ordinary care when approaching such crossing, while it passed over the last 1,000 feet in reaching the same, was guilty of contributory negligence, if he failed to see such car, or to give heed to what he saw, and, by reason of such failure, drove his automobile onto the track on which the car was being operated, or in such close proximity thereto, that it was struck thereby. This we cannot do, under the well-established rules, as we are unable to conceive of any circumstances which would excuse appellant's failure to see or to heed the approach of the car. But, if conceivable, there is no evidence of the existence of any such circumstance in the instant case. While it cannot be said that he should have looked for the car when it was 1,000 feet from the crossing, or when it was at any certain distance therefrom, it was his duty to look for it while it was at such a distance that he could have avoided colliding with the same, in the exercise of ordinary care, and his failure to see it at all, or seeing it, his failure to heed its approach, cannot be explained on any other ground than negligence. We say, in view of the facts on which this instruction is predicated, that if he did not see the car, or heed its approach, prior to the collision, he was guilty of negligence, under the circumstances stated, and if he did see it and gave it heed, prior to the collision, but not in time to avoid the same, in the exercise of ordinary care, he was guilty of negligence, under the circumstances stated. There was no error committed in giving said instruction.

Appellant also predicates error on the action of the

court in giving instructions Nos. 6, 7, 11, 15 and 18, requested by appellee.  We have carefully examined each of these instructions, and have reached the conclusion that the court did not err in giving any one of them. We find it unnecessary to prolong this opinion by a discussion of appellant's contention with reference thereto, as an application of what we have said in discussing other instructions given affords a sufficient explanation of the reasons on which our conclusion is based.

Judgment affirmed.

Remy, J., dissents.