WALSH BAKING COMPANY *v*. SOUTHERN INDIANA GAS AND ELECTRIC COMPANY.

[No. 14,602. Filed June 28, 1933.]

*Frank H. Hatfield* and *Louis L. Roberts,* for appellant.

*Daniel H. Ortmeyer,* for appellee.

SMITH, J.—Appellant sued appellee for damages to its motor truck occasioned by a collision of one of the appellee's interurban railway cars with appellant's motor truck at a public highway crossing in a rural district near the city of Princeton, Indiana.

Complaint was filed in one paragraph alleging that on the 29th day of May, 1931, the appellee was operating an interurban railway car over its railroad, and approached said highway crossing from the north; and that appellant, by one William Melton, an employee, was operating its truck in a westerly direction, at about 6:15 A. M. on said day, upon a public highway which crossed the railroad tracks of appellee at right angles. Appellant then alleges that there were obstructions at this crossing, and that the appellee had negligently and carelessly allowed weeds, undergrowth, and shrubbery to grow upon its right of way so that the view of appellant's driver was completely obstructed to the north, the direction from which the interurban car was approaching; that the driver of appellant's truck stopped the same at approximately 25 feet east of the railway crossing, and looked and listened for the approach of cars, and did not see or hear appellee's car approaching said crossing, and proceeded in a lawful, careful, and prudent manner to drive said motor vehicle onto and across appellee's tracks; that the appellee, without giving any warning by signal, bell or otherwise, drove and

propelled said interurban car at a high and dangerous rate of speed without regard for the safety of the users of said highway intersection, and struck and injured the truck of appellant to appellant's damage.

Appellee answered this complaint by a general denial which closed the issues. There was a trial by jury, and a verdict for appellee upon which judgment was rendered.

Appellant seasonably filed its motion for a new trial alleging five grounds therein: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the court erred in giving to the jury each of the instructions numbered 1, 2, 3, and 4 of its own motion; (4) the court erred in giving to the jury each of the instructions tendered and requested by the appellee, being 11 in number, except number 3 thereof; (5) the court erred in refusing to give to the jury each of the instructions numbered 2 and 5 of the instructions tendered and requested by the appellant.

The only error assigned is the overruling of appellant's motion for a new trial.

The questions presented under the motion for a new trial and not waived by appellant are the giving of instructions numbered 6, 7, 8 and 9, tendered by appellee.

It will not be necessary to set out all of the instructions questioned. Instruction No. 6 is challenged because there was omitted from the instruction the word "not" from the phrase "that he did heed what he saw." This instruction sought to advise the jury that it was the duty of the driver of appellant's truck when about to cross the railway track to listen for signals and to look up and down the track; and, if "he could have seen the approaching interurban car in time to escape, it will be presumed that he did not look, or if he did look that he *did* heed what he saw." This

instruction with the word "not" therein was taken from the case of *Brooks, Admr.* v. *Muncie and Portland Traction Company* (1911), 176 Ind. 298, 95 N. E. 1006, and was approved by the Supreme Court. The omission of the word "not" from the instruction did not make the instruction erroneous, and the jury could not have been misled thereby. Where a word is inadvertently omitted, as it was in this instruction, and it is not shown that it prejudiced the rights of the parties, it will not be deemed error. *Grand Trunk Western Railway Company* v. *Cather* (1931), 92 Ind. App. 563, 576, 167 N. E. 551.

Appellant further challenges instruction No. 6, *supra,* and says that it violates the rule of "due care" by characterizing specific acts of appellant's employee as his duty. We think this objection is not tenable, as the court properly instructed the jury upon the care to be exercised by the driver of the truck in instruction No. 8 requested by appellant, and instruction No. 4 requested by appellee.

Appellant says that instruction No. 7 is "presumptory" in form, and is not applicable to the evidence, and is an invasion of the province of the jury. This instruction was taken from the case of *Snow, Admr.* v. *Indianapolis and Eastern Railway Company et al.* (1911), 47 Ind. App. 189, 198, 93 N. E. 1089, and approved by this court. In the light of the other instructions given, especially instruction No. 8 tendered by appellant, this instruction No. 7 is not erroneous, and the jury could not have been misled by it.

Instruction No. 8 tendered by appellee and given by the court is next complained of, and pertains to the duty of the operator of an electric railway car and a ██ traveler approaching a crossing at the same time. It charges that it is not the duty of a railway company to stop its car, but the duty of a traveler to

stop and not attempt to pass in the front of the advancing car, and that the motorman of the car may rely upon the presumption that the traveler will stop at a place of safety, and that no duty is imposed upon the motorman to slacken the speed of the car. This instruction was given approval in the case of *Guion* v. *Terre Haute, Indianapolis and Eastern Traction Company* (1925), 82 Ind. App. 458, 467, 143 N. E. 20. The evidence in this case is conflicting as to whether or not this was an obstructed crossing, and whether the view of the driver of appellant's truck was obstructed when he approached the crossing. It is a well settled principle that both appellant and appellee are entitled to have the jury instructed upon their version of the case. It was the contention of appellee that this was an open crossing, and that appellant's driver of the truck had an open view for a distance sufficient to have seen the car in time to have stopped his truck and avoided the injury. Appellant's counsel assert that it was for the jury to say whether appellee's motorman in the exercise of due care was required to slacken the speed of its car under the circumstances. In instruction No. 12, tendered by appellant and given by the court, the jury was instructed upon this phase of the case, and told that it was the duty of the operator of the interurban car to so regulate the speed of the car as to prevent injury to the person or property of those who may be traveling upon the public highways and required to cross the tracks, and that it was the duty of the railway company to operate its interurban car at a speed "that is reasonable and prudent under the circumstances existing at such crossing and the failure to do so is negligence."

We think this instruction No. 12, as well as No. 11, both tendered by appellant and given, fully cover the proposition raised by appellant.

Instruction No. 9 tendered by appellee and given to

the jury is challenged. Counsel for appellant in their brief, and also in the oral argument, strenuously pressed their objections to this instruction, and forcefully insisted that it was erroneous. We deem it proper to set out this instruction in full, which is as follows:

"Instruction No. 9. There is no statute regulating the rate of speed at which an interurban electric railway car may pass over a highway crossing in the country and it is not negligence in itself for such car to be run over a highway crossing in the country at any rate of speed consistent with the safety of the persons and property carried on such car."

This instruction is taken from a Supreme Court decision, *Brooks* v. *Muncie, etc., Traction Co., supra.* The Supreme Court, in the Brooks case, while not reversing the case on account of this instruction, criticized it, and said:

"The instruction given was not erroneous, coupled as it was with other instructions that left to the jury the right to determine whether defendant exercised reasonable care and prudence, under the particular circumstances of the case, in running the car at the speed shown by the evidence."

We think instruction No. 9 by itself does not correctly state the rule as applicable to the instant case; however, as said before, there was a conflict as to whether or not this was an obstructed crossing. Although it may not be negligence in itself to run a car over a highway crossing in the country at any rate of speed consistent with the safety of those carried on the car, there are circumstances in which a railroad company may be required to regulate the speed of their cars to prevent injury at certain highway crossings.

In this case, however, the court in instructions Nos. 11 and 12, tendered by appellant and given to the jury, left with the jury the right to determine whether under

the circumstances in this case, the appellee exercised reasonable care and prudence in running its car at the speed shown by the evidence.

Instruction No. 11, *supra,* sets forth that the complaint charges that the appellee ran its car at a high and dangerous rate of speed and without regard for the safety of the users of the highway, and then charged that, if these facts were established by the preponderance of the evidence, it would amount to negligence on the part of the railroad company. This instruction No. 11, together with No. 12 (the substance of which we have heretofore stated) left the question of negligence as to the speed of the car, and the question of care to be exercised by appellee in the operation of its car over this highway crossing to the jury, and fully covers the objection raised to appellee's instruction No. 9, so that the jury could not have been misled thereby. Coupled with these other instructions, we can not say that the giving of instruction No. 9 was reversible error.

Examining the instructions as a whole in this case, we feel that the jury was fairly instructed upon all phases of the case. The record shows that the case was fairly tried, and under our statute, section 725, Burns 1926, "no judgment shall be stayed or reversed . . . where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

This doctrine is also announced in *Indianapolis Street Railway Company* v. *Schomberg* (1905), 164 Ind. 111, 114, 72 N. E. 1041.

We find no reversible error. Judgment affirmed.